1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  STEVEN JOSEPH NOBLE IV,               1:07-cv-01111-LJO-GSA-PC

12          Plaintiff,                    ORDER GRANTING IN PART AND
                                          DENYING IN PART PLAINTIFF'S
13      vs.                               MOTION TO COMPEL DISCOVERY
                                          (Doc. 23.)
14  LT. V. J. GONZALEZ,
                                          ORDER FOR DEFENDANT TO PROVIDE
15          Defendant.                    FURTHER DISCOVERY RESPONSES
                                          WITHIN FORTY-FIVE DAYS, AS
16                                        INSTRUCTED BY THIS ORDER

17                                        ORDER HOLDING MOTION FOR SUMMARY
                                          JUDGMENT IN ABEYANCE PENDING
18                                        RESOLUTION OF DISCOVERY MATTERS
                                          (Doc. 24.)
19
    _____/
20

21  **I.      RELEVANT PROCEDURAL HISTORY**

22          Steven Joseph Noble IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

23  with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original Complaint on July

24  31, 2007.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed on February 24,

25  2009, against defendant Lieutenant V. J. Gonzalez ("Defendant"), for violation of Plaintiff's rights to

26  due process.  (Doc. 15.)

27          On May 14, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of

28  January 14, 2011 for completion of discovery, including motions to compel.  (Doc. 21.)  On January 19,

                                              1

1   2011, Plaintiff filed a motion to compel further discovery responses from Defendant.[1]  (Doc. 23.)

2   Defendant has not filed an opposition.  On March 18, 2011, Defendant filed a motion for summary

3   judgment, which is pending.  (Doc. 24.)  Plaintiff's motion to compel is now before the Court.

## II.    PLAINTIFF'S ALLEGATIONS AND CLAIM AGAINST DEFENDANT

The events alleged in the First Amended Complaint occurred at North Kern State Prison ("NKSP") in Delano, California, while Plaintiff was incarcerated there.  Plaintiff names Correctional Lieutenant V. J. Gonzalez as the only defendant in this action.

Plaintiff alleges that between April 2006 and July 2006 he filed two Form 602 inmate appeals which inadvertently disgruntled and affected numerous prison officials.  Both appeals were granted in Plaintiff's favor.  On July 20, 2006, Plaintiff was attacked by several prison guards, in retaliation for filing and litigating the appeals.

As a result of the attack, Plaintiff was issued a CDC-115 Rules Violation Report ("RVR"), charged with attempted battery on a peace officer, and placed into administrative segregation ("Ad-Seg") to await adjudication of the RVR.

Plaintiff filed a Citizen's Complaint under California Penal Code § 832(f) and notified his family about the incident.  One of Plaintiff's family members faxed the Warden of NKSP a copy of Plaintiff's Citizen's Complaint.  The first Citizen's Complaint was ignored, and the second one (copy)  was denied as untimely, even though under the regulations (CCR § 3391), a Citizen's Complaint may be filed within twelve months of the alleged misconduct.

On September 7, 2006, while still confined in Ad-Seg, Plaintiff was subjected to a disciplinary hearing presided over by Lt. Gonzalez who acted as the Senior Hearing Officer.  Plaintiff sought to call witnesses and introduce documentary evidence and a video recording at the hearing.  However, Lt. Gonzalez refused to allow Plaintiff to call any witnesses, present evidence, or speak on his own behalf. Lt. Gonzalez arbitrarily pronounced Plaintiff guilty and assessed penalties upon Plaintiff, causing a major disruption in Plaintiff's environment.

///

---

[1] Based on the mailbox rule, the Court deems the motion to compel to be timely.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

2

1   Plaintiff was assessed forfeiture of one hundred fifty days of good time credits, and fourteen

2   unfavorable behavior points were added to Plaintiff's classification score, causing him to be ineligible

3   for Level III facility housing where Plaintiff received daily access to yard and/or dayroom activities,

4   showers, phones, library, chapel services, special purchase items, and regular Friday-through-Sunday

5   visiting.  Plaintiff was also assessed a six-month Security Housing Unit ("SHU") term in the Ad-Seg

6   unit, where he was deprived of even the minimum amount of personal property allowed by inmates in

7   the regular SHU. Plaintiff was also assigned to a lower work privilege group category, and his access

8   to work, school, and vocational activities was completely taken away.

9   On November 20, 2006, Plaintiff was adversely transferred from NKSP to High Desert State

10  Prison ("HDSP"), a Level IV facility located over 350 miles from his family.  At HDSP, all of Plaintiff's

11  personal property was withheld from him until January 12, 2007, and even then a substantial amount was

12  confiscated by HDSP officials, including a radio, headphone accessories, clock, clothing, books,

13  magazines, photos, food items, and cosmetics – all items which were authorized on a Level III facility

14  but not on a Level IV facility.  Plaintiff remained housed on a Level IV facility from November 20, 2006

15  until January 3, 2008.  During this period, Plaintiff was only permitted sixteen two-hour out-of-cell

16  exercise periods, due to race-based lockdowns.  Plaintiff spent virtually twenty four hours a day confined

17  to a cell, except for the exercise periods and approximately eight one-hour dayroom periods.  Plaintiff's

18  visiting privileges were also limited.

19  The hardships described above were imposed upon Plaintiff in spite of the fact that on November

20  17, 2006, officials were ordered to "reissue/rehear" the RVR, based on the due process violations that

21  occurred at the September 7, 2006 disciplinary hearing presided over by defendant Lt. Gonzalez.

22  Plaintiff did not receive a rehearing until June 13, 2007, eleven months after the incident, and only then

23  because Plaintiff filed two habeas corpus petitions in state courts.  Prison officials have admitted that

24  the findings of the RVR were not appropriate or in accordance with the rules, regulations and policies

25  of NKSP.

26  ### ***Due Process Claim***

27  Plaintiff brings a due process claim against Defendant.  The Due Process Clause protects

28  prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539,

556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law or prison regulations are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556.  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

### III.   MOTION TO COMPEL

Plaintiff requests an order compelling Defendant to produce documents in response to Plaintiff's Requests for Production and to make further responses to Plaintiff's Interrogatories.  Plaintiff served the discovery requests upon Defendant on October 31, 2010.  Motion, Doc. 23 at 1.  Defendant served the responses at issue on or about December 15, 2010.  Id. at Exh. 1.

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

4

1   It is well established that a failure to object to discovery requests within the time required constitutes

2   a waiver of any objection."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th

3   Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)).  The moving party bears the

4   burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v.

5   Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

6          Under Rule 26(b), "[u]nless otherwise limited by court order, the scope of discovery is as

7   follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

8   claim or defense — including the existence, description, nature, custody, condition, and location of any

9   documents or other tangible things and the identity and location of persons who know of any

10  discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject

11  matter involved in the action.  "Relevant information need not be admissible at the trial if the discovery

12  appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

13         **A.     Interrogatories**

14         Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under

15  Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  Plaintiff requests an order compelling Defendant to respond to

16  his Interrogatories 1, 3-6, 8-13, and 23-24.  The Court shall address each Interrogatory separately.

17

18         **Interrogatory 1.**          **Identify any document related to any complaint, grievance,**
           **criticism, censure, reprimand, rebuke, directed at the**
19                                        **Defendant as listed in the complaint prior to or subsequent to**
                                          **the incident giving rise to this proceeding.**

20         **Defendant's Response.**      **Objection as said request calls for confidential/privileged**
                                          **information and is in violation of Penal Code § 832 and § 837**
21                                        **et seq.**

22         Plaintiff argues that the discovery sought is relevant because he seeks the identity of documents

23  containing information that may be relevant to Defendant's credibility and documents pertaining to

24  particular kinds of complaints and allegations about Defendant.  Plaintiff also argues that Defendant's

25  counsel is asserting privilege in a generalized fashion.

26         Defendant objects under §§ 832 and 837 of the California Penal Code, on the grounds that the

27  records are confidential and privileged.  Section 837 is inapplicable to this matter.  Section 832.7

28  provides, "Peace officer or custodial officer personnel records and records maintained by any state or

1  local agency . . ., or information obtained from these records, are confidential and shall not be disclosed

2  in any criminal or civil proceeding, [with some exceptions]."  Cal.Penal Code § 832.7.

3       "Questions of privilege that arise in the course of the adjudication of federal rights are 'governed

4  by the principles of the common law as they may be interpreted by the courts of the United States in the

5  light of reason and experience.' "  United States v. Zolin, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625

6  (1989) (quoting Federal Rule of Evidence 501).  Despite claims of privilege, personnel files are

7  discoverable in federal question cases.  Garrett v. City and County of San Francisco, 818 F.2d 1515,

8  1519 n. 6 (9th Cir. 1987) (citations omitted).  While this Court may give some weight to privacy rights

9  protected by state statutes, the "ultimate responsibility for deciding how much weight to ascribe to such

10  interests, and how that weight compares with the significance of competing interests, must reside with

11  the federal courts."  Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D.Cal. 1987).

12       Defendant's objection is overruled.  The Court will allow Plaintiff to discover information about

13  past records of similar claims against the Defendant.  Defendant is required to serve a response to

14  Interrogatory 1 upon Plaintiff within forty-five days by identifying any document within Defendant's

15  possession, custody or control, related to any complaint, grievance, criticism, censure, reprimand, or

16  rebuke directed against Lieutenant V. J. Gonzalez, concerning incidents of due process violations

17  occurring prior to September 7, 2006, the date of the disciplinary hearing at issue in Plaintiff's

18  Complaint, but no further back than September 7, 2001.  No objections are permitted.[2]  If the answer to

19  the interrogatory contains confidential information, Defendant shall instead submit the response to the

20  Court under seal for *in camera* review, and notify Plaintiff that he has done so, within forty-five days.

21  If Defendant cannot answer the interrogatory, he must explain in writing why he is unable to answer.

22  ///

23  ///

24  ///

25  ///

26

27

28  _____

[2] "Any ground [for objecting] not stated in a timely fashion is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

1
2
3
4

**Interrogatory 3.**          **State the number of years of experience and training you have in diagnosing emotional and mental disorders which enable you to determine that an inmate who is a participant in the Mental Health Services Delivery System at the CCCMS level of care alleged behavior was not deemed bizarre, unusual or uncharacteristic. (See RVR Log #A-06-07-0016 pg. 1 of 2.)**

5
6

**Defendant's Response.**          **Objection as said request is argumentative and not likely to lead to admissible or discoverable evidence.**

7      Plaintiff argues that the discovery sought is relevant because the Defendant, by his signature,

8   adopted or approved a written statement to the effect that Plaintiff was a participant in the Mental Health

9   Services Delivery System at the CCCMS level of care, but his alleged behavior was not deemed "bizarre,

10   unusual or uncharacteristic."

11      Defendant objects on the grounds that the request is argumentative and not likely to lead to

12   admissible or discoverable evidence.  Defendant's objection is sustained.  No further response by

13   Defendant to Interrogatory 3 is required.

14
15
16

**Interrogatory 4.**          **State the name of the facility-employed mental health care staff who deemed inmate Noble's alleged behavior not bizarre, unusual or uncharacteristic. (RVR Log # A-06-07-0016 pg. 1 of 2.)**

16
17

**Defendant's Response.**          **Objection, as said request mischaracterizes the evidence, thus as phrased, defendant cannot respond.**

18      Defendant objects on the grounds that the request mischaracterizes the evidence.  Plaintiff

19   responds that the discovery sought is relevant and non-privileged.

20      Defendant's objection is overruled.   Defendant has not specified how Interrogatory 4

21   mischaracterizes evidence.  Objections to interrogatories should be sufficiently specific that the court

22   may, in considering the objections with the interrogatories propounded, ascertain therefrom their claimed

23   objectionable character, and general objections to interrogatories are improper.  Wolf v. United Air

24   Lines, 9 F.R.D. 271, 272 (M.D.Pa.1949).  Defendant is required to serve a response to Interrogatory 4

25   upon Plaintiff within forty-five days by stating the name of the facility-employed mental health care staff

26   who deemed inmate Noble's alleged behavior not bizarre, unusual or uncharacteristic.  Defendant should

27   refer to RVR Log # A-06-07-0016 g. 1 of 2 as directed in the interrogatory.  No objections are permitted.

28   If Defendant cannot answer the interrogatory, he must explain in writing why he is unable to answer.

1

2

3

4

**Interrogatory 5.**      **State the name of the facility-employed mental health care staff who evaluated inmate Noble to determine whether or not his mental illness contributed to his alleged misbehavior.**

**Defendant's Response.**      **Objection as said request mischaracterizes the evidence, thus as phrased, defendant cannot respond.**

5

6

Defendant objects on the grounds that the request mischaracterizes the evidence.  Plaintiff responds that the discovery sought is relevant and non-privileged.

7

8

9

10

11

12

13

14

15

Defendant's objection is overruled.  Defendant has not specified how Interrogatory 5 mischaracterizes evidence.  Objections to interrogatories should be sufficiently specific that the court may, in considering the objections with the interrogatories propounded, ascertain therefrom their claimed objectionable character, and general objections to interrogatories are improper.  Wolf, 9 F.R.D. at 272. Defendant is required to serve a response to Interrogatory 5 upon Plaintiff within forty-five days by stating the name of the facility-employed mental health care staff who evaluated inmate Noble to determine whether or not his mental illness contributed to his alleged misbehavior.  No objections are permitted.  If Defendant cannot answer the interrogatory, he must explain in writing why he is unable to answer.

16

17

**Interrogatory 6.**      **Identify any and all Director's Rules, Regulations, local policies governing "stipulated testimony" during disciplinary proceedings.**

18

**Defendant's Response.**      **See Title 15 § 3312 - § 3322.**

19

20

21

22

23

24

25

Plaintiff argues that Defendant's response is evasive and does not direct Plaintiff to the information sought.  The Court finds Defendant's response to be inadequate.  Defendant's reference to Title 15, § 3312 - § 3322 is an incomplete cite and does not sufficiently direct Plaintiff to any rule, regulation or policy.  Defendant is required to serve a further response to Interrogatory 6 upon Plaintiff within forty-five days by sufficiently identifying any and all Director's Rules, Regulations, and local policies governing "stipulated testimony" during disciplinary proceedings.  No objections are permitted. If Defendant cannot answer the interrogatory, he must explain in writing why he is unable to answer.

26

///

27

///

28

///

8

**Interrogatory 8.**   **State the findings and actions taken concerning the Citizen's Complaint filed by inmate Noble, at the time it was submitted for your review at, or before the disciplinary hearing.  (See RVR Part C pg. 2 of 5.)**

**Defendant's Response.**   **I have no current recollection.**

Plaintiff argues that Defendant's response is evasive, Defendant's counsel has failed to make a reasonable inquiry into readily obtainable information, and Defendant's assertion of lack of personal knowledge is not excused because he has not made a full investigation.

Defendant responds that he has no current recollection.  This response is inadequate.  The party answering interrogatories must furnish "such information as is available to the party." Fed. R. Civ. P. 33(a).  If an appropriate interrogatory is propounded, the answering party is required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf, or other agents or representatives, whether personally known to the answering party or not; if the answering party lacks necessary information to make a full, fair, and specific answer to the interrogatory, it should so state under oath and should set forth in detail efforts made to obtain the information.  Miller v. Doctor's General Hospital, 76 F.R.D. 136, 140 (W.D.Okla. 1977).  If a responding party is unable to supply requested information, "the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' " Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa.1996) (quoting Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D.Pa.1977)).

Defendant's response is inadequate.  Defendant has not set forth the efforts, if any, he used to obtain the information requested by Plaintiff.  Defendant is required to serve a further response to Interrogatory 8 upon Plaintiff within forty-five days, after making a good-faith effort to obtain the information available to him, through his attorney or through investigators, other agents, or representatives.  No objections are permitted.  If Defendant cannot make a further response to the interrogatory, he must explain in writing why he is unable to answer.

///

///

///

9

**Interrogatory 9.**       **Identify the status of the search for inmate Prewitt's location. (See RVR Part C Pg. 2 of 5.)**

**Defendant's Response.**       **I have no current recollection.**

Plaintiff argues that Defendant's response is evasive, Defendant's counsel has failed to make a reasonable inquiry into readily obtainable information, and Defendant's assertion of lack of personal knowledge is not excused because he has not made a full investigation.

Defendant responds that he has no current recollection. The party answering interrogatories must furnish "such information as is available to the party." Fed. R. Civ. P. 33(a); Miller, 76 F.R.D. at 140; Hansel, 169 F.R.D. at 305.

Defendant's response is inadequate. Defendant has not set forth the efforts, if any, he used to obtain the information requested by Plaintiff. Defendant is required to serve a further response to Interrogatory 9 upon Plaintiff within forty-five days, after making a good-faith effort to obtain the information available to him, through his attorney or through investigators, other agents, or representatives. No objections are permitted. If Defendant cannot make a further response to the interrogatory, he must explain in writing why he is unable to answer.

**Interrogatory 10.**       **State the last known or current address of inmate Prewitt.**

**Defendant's Response.**       **Unknown.**

Plaintiff argues that Defendant's response is evasive, Defendant's counsel has failed to make a reasonable inquiry into readily obtainable information, and Defendant's assertion of lack of personal knowledge is not excused because he has not made a full investigation.

Defendant responds that the information is "unknown." The party answering interrogatories must furnish "such information as is available to the party." Fed. R. Civ. P. 33(a); Miller, 76 F.R.D. at 140; Hansel, 169 F.R.D. at 305.

Defendant's response is inadequate. Defendant has not set forth the efforts, if any, he used to obtain the information requested by Plaintiff. Defendant is required to serve a further response to Interrogatory 10 upon Plaintiff within forty-five days, after making a good-faith effort to obtain the information available to him, through his attorney or through investigators, other agents, or

///

10

representatives.  No objections are permitted.  If Defendant cannot make a further response to the interrogatory, he must explain in writing why he is unable to answer.

**Interrogatory 11.**     **Identify the names, title and address of the custodian of the information requested in Interrogatories # 9 and 10.**

**Defendant's Response.**     **Unknown.**

Plaintiff argues that Defendant's response is evasive, Defendant's counsel has failed to make a reasonable inquiry into readily obtainable information, and Defendant's assertion of lack of personal knowledge is not excused because he has not made a full investigation.

Defendant responds that the information is "unknown."  The party answering interrogatories must furnish "such information as is available to the party."  Fed. R. Civ. P. 33(a); Miller, 76 F.R.D. at 140;  Hansel, 169 F.R.D. at 305.

Defendant's response is inadequate.  Defendant has not set forth the efforts, if any, he used to obtain the information requested by Plaintiff.  Defendant is required to serve a further response to Interrogatory 11 upon Plaintiff within forty-five days, after making a good-faith effort to obtain the information available to him, through his attorney or through investigators, other agents, or representatives.  No objections are permitted.  If Defendant cannot make a further response to the interrogatory, he must explain in writing why he is unable to answer.

**Interrogatory 12.**     **Identify all staff members that were subjected to a video taped interview in relation to the incident underlying the RVR Log #A-06-07-0016 dated July 20, 2006.**

**Defendant's Response.**     **Objection, as said request is irrelevant.  I have no current recollection.**

Plaintiff argues that Defendant's response is evasive, Defendant's counsel has failed to make a reasonable inquiry into readily obtainable information, and Defendant's assertion of lack of personal knowledge is not excused because he has not made a full investigation.

Defendant's response is inadequate.  With regard to Defendant's objection on the ground that the request is irrelevant, Defendant has not met his burden of establishing lack of relevancy by showing specifically how the interrogatory is not relevant.  Vazquez-Fernandez v. Cambridge College, Inc., 269 F.R.D. 150, 156-57 (D.Puerto Rico 2010).  With regard to Defendant's response that he has no current

1   recollection, Defendant has not set forth the efforts, if any, he used to obtain the information requested

2   by Plaintiff.  Defendant's objection is overruled, and Defendant is required to serve a further response

3   to Interrogatory 12 upon Plaintiff within forty-five days, after making a good-faith effort to obtain the

4   information available to him, through his attorney or through investigators, other agents, or

5   representatives.  No objections are permitted.  If Defendant cannot make a further response to the

6   interrogatory, he must explain in writing why he is unable to answer.

7
8   **Interrogatory 13.**          **Identify all inmates at North Kern State Prison that were subjected to a video taped interview in relation to the incident underlying the RVR Log #A-06-07-0016 dated July 20, 2006.**

9
10  **Defendant's Response.**       **Objection, as said request is irrelevant.  Without waiving said objection, Inmate Noble.**

11  Plaintiff argues that Defendant's response is evasive, Defendant's counsel has failed to make a

12  reasonable inquiry into readily obtainable information, and Defendant's assertion of lack of personal

13  knowledge is not excused because he has not made a full investigation.

14  Defendant has answered "Inmate Noble" in response to Interrogatory 13.  Plaintiff has not

15  explained why this response is evasive or why Defendant should be required to make an investigation.

16  Therefore, no further response by Defendant to Interrogatory 13 is required.

17
18  **Interrogatory 23.**          **Identify any document related to any complaint, reprimand, rebuke, directed at the defendant as listed in the complaint prior to or subsequent to the incident giving rise to this proceeding, concerning allegations of the Defendant violating any inmate's due process rights during a disciplinary hearing.**

19

20
21  **Defendant's Response**.       **Objection, as said request calls for privileged information.  See Penal Code § 832 and § 837 et seq.**

22  Plaintiff argues that Defendant's counsel is asserting privilege in a generalized fashion, and that

23  the discovery sought is relevant because he seeks the identity of documents containing information that

24  may be relevant to the Defendant's credibility and documents pertaining to particular kinds of

25  complaints and allegations about the Defendant.

26  Defendant objects under §§ 832 and 837 of the California Penal Code, on the ground that the

27  information is privileged.  As discussed above at Interrogatory 1, personnel files are discoverable in

28  federal question cases despite claims of privilege, Garrett, 818 F.2d at 1519 n. 6, and the "ultimate

12

responsibility for deciding how much weight to ascribe to [privacy rights protected by state statutes], and how that weight compares with the significance of competing interests, must reside with the federal courts." <u>Kelly</u>, 114 F.R.D. at 656. The Court will allow Plaintiff to discover information about past records of similar claims against the Defendant. Therefore, Defendant is required to serve a response to Interrogatory 23 upon Plaintiff within forty-five days by identifying any document within Defendant's possession, custody or control, related to any complaint, grievance, criticism, censure, reprimand, or rebuke directed against Lieutenant V. J. Gonzalez, concerning incidents of due process violations occurring prior to September 7, 2006, but no further back than September 7, 2001. No objections are permitted. If the answer to the interrogatory contains privileged information, Defendant shall instead submit the response to the Court under seal for *in camera* review, and notify Plaintiff that he has done so, within forty-five days. If Defendant cannot answer the interrogatory, he must explain in writing why he is unable to answer.

**Interrogatory 24.**        **State the definition of "Stipulated Testimony."**

**Defendant's Response.**        **Objection, as said request calls for a legal conclusion.**

Plaintiff argues that Defendant's response is evasive and does not direct Plaintiff to the information sought. Defendant objects on the ground that the request calls for a legal conclusion.

Defendant's objection is sustained. No further response by Defendant to Interrogatory 24 is required.

**B.        Request for Production of Documents**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a request within the scope of Rule 26(b), to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1)(A). "[A] party need not have actual possession of documents to be deemed in control of them." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472 (D.Nev. 1998) *quoting* <u>Estate of Young v. Holmes</u>, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." <u>Clark</u> 181 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an

objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(2)(E)(I).

Rule 37(a)(3)(B) empowers a propounding party to bring a motion to compel discovery responses: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).  The failure to respond to document requests "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26©."  Fed. R. Civ. P. 37(d)(2).

Plaintiff requests an order compelling Defendant to respond to his Requests for Production of Documents 1-5, 8-18, and 20-21.  The Court shall address each Request separately.

| **Request 1.** | The Citizen's Complaint filed by inmate Noble which the Investigative Employee procured from the Appeals Coordinator (see RVR Part C pg 2 of 5, I.E. notes) |
|---|---|
| **Defendant's Response.** | These responding defendants will provide all non-privileged information in RVR-06-07-0016. |

Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the documents requested.  Because Defendant has agreed to provide all non-privileged information pursuant to this request, Defendant's failure to provide any documents acts as an objection on the ground that all of the information requested is privileged.

As discussed above at Interrogatory 1, "[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.' "  Zolin, 491 U.S. at 562; see Kelly, 114 F.R.D. at 656.

Defendant has not specified why a copy of Plaintiff's Citizen's Complaint is privileged information.  Therefore, Defendant is required to serve Plaintiff with a copy of the Citizen's Complaint requested in Request 1, within forty-five days.  No additional objections are permitted.  If the document produced contains privileged information, Defendant shall instead submit it to the Court under seal for

1   *in camera* review and notify Plaintiff that he has done so, within forty-five days.  If Defendant cannot

2   provide a copy of the document requested, he must explain in writing why he is unable to do so.

3   Defendant is reminded that he need not have actual possession of documents to be deemed in control

4   of them, and a party that has a legal right to obtain certain documents is deemed to have control of the

5   documents.  Clark, 181 F.R.D. at 472.

6   **Request 2.**        **The video taped interview with inmate Noble which was conducted by Correctional Lieutenant Steadman.  (See RVR Part C pg. 3 of 5.)**

7

8   **Defendant's Response.**      **These responding defendants will provide all non-privileged information in RVR-06-07-0016.**

9   Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the video

10   taped interview requested.  Because Defendant has agreed to provide all non-privileged information

11   pursuant to this request, Defendant's failure to provide any discovery acts as an objection on the ground

12   that all of the information requested is privileged.

13   Defendant has not specified why a copy of Plaintiff's video taped interview is privileged

14   information.  See Zolin, 491 U.S. at 562; also see Kelly, 114 F.R.D. at 656.   Therefore, Defendant is

15   required to serve Plaintiff with a reproduction of the video interview requested in Request 2, or a written

16   transcript of the video interview if any, within forty-five days.  No additional objections are permitted.

17   If the video or transcript contains privileged information, Defendant shall instead submit it to the Court

18   under seal for *in camera* review and notify Plaintiff that he has done so, within forty-five days.  If

19   Defendant cannot provide a copy of the interview requested, he must explain in writing why he is unable

20   to do so.  Defendant is reminded that he need not have actual possession of [discovery materials] to be

21   deemed in control of them, and a party that has a legal right to obtain certain [discovery materials] is

22   deemed to have control of them.  Clark, 181 F.R.D. at 472.

23

24   **Request 3.**        **Statements given by each and every one of the inmates interviewed by Correctional Lieutenant Steadman. (See RVR Part C pg. 3 of 5.)**

25

26   **Defendant's Response.**      **These responding defendants will provide all non-privileged information in RVR-06-07-0016.**

27   Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the documents

28   requested.  Because Defendant has agreed to provide all non-privileged information pursuant to this

1  request, Defendant's failure to provide any documents acts as an objection on the ground that all of the

2  information requested is privileged.

3      Defendant has not specified why the statements requested are privileged information. <u>See</u> <u>Zolin</u>,

4  491 U.S. at 562; <u>also</u> <u>see</u> <u>Kelly</u>, 114 F.R.D. at 656.   Therefore, Defendant is required to serve upon

5  Plaintiff copies of the statements requested in Request 3, within forty-five days.   No additional

6  objections are permitted. If any of the statements contain privileged information, Defendant shall instead

7  submit those statements to the Court under seal for *in camera* review and notify Plaintiff that he has

8  done so, within forty-five days. If Defendant cannot provide copies of the statements requested, he must

9  explain in writing why he is unable to do so.   Defendant is reminded that he need not have actual

10  possession of documents to be deemed in control of them, and a party that has a legal right to obtain

11  certain documents is deemed to have control of the documents.  <u>Clark</u>, 181 F.R.D. at 472.

12

13  **Request 4.**              **The video taped interviews with staff members conducted by Correctional Lieutenant Steadman in relation to Rules Violation Report (Log # A-06-07-0016.)**

14

15  **Defendant's Response.**    **These responding defendants will provide all non-privileged information in RVR-06-07-0016.**

16      Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the video

17  taped interviews requested.   Because Defendant has agreed to provide all non-privileged information

18  pursuant to this request, Defendant's failure to provide any documents acts as an objection on the ground

19  that all of the information requested is privileged.

20      Defendant has not specified why the interviews requested are privileged information. <u>See</u> <u>Zolin</u>,

21  491 U.S. at 562; <u>also</u> <u>see</u> <u>Kelly</u>, 114 F.R.D. at 656.   Therefore, Defendant is required to provide Plaintiff

22  with reproductions of the video taped interviews requested in Request 4, or written transcripts if any,

23  within forty-five days.  No additional objections are permitted.  If any of the interviews produced contain

24  private or privileged information, Defendant shall instead submit those interviews to the Court under

25  seal for *in camera* review and notify Plaintiff that he has done so, within forty-five days.  If Defendant

26  cannot provide copies of the interviews requested, he must explain in writing why he is unable to do so.

27  Defendant is reminded that he need not have actual possession of [discovery materials] to be deemed

28  ///

in control of them, and a party that has a legal right to obtain certain [discovery materials] is deemed to have control of them.  <u>Clark</u>, 181 F.R.D. at 472.

| **Request 5.** | **Digital images (photographs items #JW-001 through JW-012) (See Crime/Incident Report Part A1 - Supplement, pg. 3 of 8.)** |
|---|---|
| **Defendant's Response.** | **These responding defendants will provide all non-privileged information in RVR-06-07-0016.** |

Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the images requested.  Because Defendant has agreed to provide all non-privileged information pursuant to this request, Defendant's failure to provide any documents acts as an objection on the ground that all of the information requested is privileged.

Defendant has not specified why the digital images requested are privileged information.  <u>See</u> <u>Zolin</u>, 491 U.S. at 562; <u>also</u> <u>see</u> <u>Kelly</u>, 114 F.R.D. at 656.  Therefore, Defendant is required to serve upon Plaintiff paper copies of the images requested in Request 5, within forty-five days.  No additional objections are permitted.  Defendant shall refer to Crime/Incident Report Part A1-Supplement, pg. 3 of 8 as instructed by Plaintiff's request.  If any of the images contain privileged information, Defendant shall instead submit paper copies of those images to the Court under seal for *in camera* review and notify Plaintiff that he has done so, within forty-five days.  If Defendant cannot provide copies of the images requested, he must explain in writing why he is unable to do so.  Defendant is reminded that he need not have actual possession of [discovery materials] to be deemed in control of them, and a party that has a legal right to obtain certain [discovery materials] is deemed to have control of them.  <u>Clark</u>, 181 F.R.D. at 472.

| **Request 8.** | **July 20, 2006, "Post Orders" for Correctional Officer J. Cornett.** |
|---|---|
| **Defendant's Response.** | **Objection, as this request calls for privileged information, is not relevant nor likely to lead to admissible or discoverable evidence.  No documents will be produced.** |

Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and are relevant to the subject matter involved in this action.

Defendant objects to this request on the grounds that the request calls for privileged and irrelevant information.  Defendant has not specified why the Post Orders are irrelevant or unlikely to lead

1    to admissible or discoverable evidence.  Therefore, Defendant is required to submit the Post Orders

2    requested in Request 8 to the Court under seal for *in camera* review and notify Plaintiff that he has done

3    so, within forty-five days.  Defendant is reminded that he need not have actual possession of documents

4    to be deemed in control of them, and a party that has a legal right to obtain certain documents is deemed

5    to have control of the documents.  <u>Clark</u>, 181 F.R.D. at 472.

6

7               **<u>Request 9.</u>**              **July 20, 2006, "Post Orders" for Correctional Officer C. Lamb.**

8               **<u>Defendant's Response.</u>**      **Objection, as this request calls for privileged information, is not relevant nor likely to lead to admissible or discoverable**

9                                           **evidence.  No documents will be produced.**

10       Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and

11    are relevant to the subject matter involved in this action.

12       Defendant objects to this request on the grounds that the request calls for privileged and

13    irrelevant information.  Defendant has not specified why the Post Orders are irrelevant or unlikely to lead

14    to admissible or discoverable evidence.  Therefore, Defendant is required to submit the Post Orders

15    requested in Request 9 to the Court under seal for *in camera* review and notify Plaintiff that he has done

16    so, within forty-five days.  Defendant is reminded that he need not have actual possession of documents

17    to be deemed in control of them, and a party that has a legal right to obtain certain documents is deemed

18    to have control of the documents.  <u>Clark</u>, 181 F.R.D. at 472.

19

20               **<u>Request 10.</u>**            **July 20, 2006, "Post Orders" for Correctional Officer M. Doeling.**

21               **<u>Defendant's Response.</u>**      **Objection, as this request calls for privileged information, is not relevant nor likely to lead to admissible or discoverable**

22                                           **evidence.  No documents will be produced.**

23       Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and

24    are relevant to the subject matter involved in this action.

25       Defendant objects to this request on the grounds that the request calls for privileged and

26    irrelevant information.  Defendant has not specified why the Post Orders are irrelevant or unlikely to lead

27    to admissible or discoverable evidence.  Therefore, Defendant is required to submit the Post Orders

28    requested in Request 10 to the Court under seal for *in camera* review and notify Plaintiff that he has

1  done so, within forty-five days.  Defendant is reminded that he need not have actual possession of

2  documents to be deemed in control of them, and a party that has a legal right to obtain certain documents

3  is deemed to have control of the documents.  Clark, 181 F.R.D. at 472.

4              **Request 11.**          **Notice given to Representative of the local chapter for the**
**bargaining Unit 6 employees.  (See Crime/Incident Report**
5                                    **Part A1-Supplement, pg. 4 of 8.)**

6             **Defendant's Response.**     **Objection, as this request calls for privileged information, is**
**not relevant nor likely to lead to admissible or discoverable**
7                                    **evidence.  No documents will be produced.**

8        Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and

9  are relevant to the subject matter involved in this action.

10        Defendant objects on the grounds that this request calls for privileged information and is not

11  relevant or likely to lead to admissible or discoverable evidence.

12        Defendant's objection is sustained.  The Court finds that the document(s) requested are not

13  relevant to the claims or defenses in this action.  Therefore, Defendant is not required to produce any

14  documents in response to Request 11.

15

16              **Request 12.**          **Copy of inquiry/investigation conducted by Correctional**
**Lieutenant Steadman into allegations made by inmate Noble**
**concerning staff misconduct, which was forwarded to the**
17                               **Warden of North Kern State Prison.  (See RVR Part C Pg 3**
**of 5.)**
18

19             **Defendant's Response.**     **These responding defendants will provide all non-privileged**
**information in RVR-06-07-0016.**

20        Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the documents

21  requested.  Because Defendant has agreed to provide all non-privileged information pursuant to this

22  request, Defendant's failure to provide any documents acts as an objection on the grounds that all of the

23  information requested is privileged.

24        Defendant is required to submit a copy of the records requested in Request 12 to the Court under

25  seal for *in camera* review and notify Plaintiff that he has done so, within forty-five days.  No additional

26  objections are permitted.  If Defendant cannot provide copies of the records requested, he must explain

27  in writing why he is unable to do so.  Defendant is reminded that he need not have actual possession of

28  ///

1  documents to be deemed in control of them, and a party that has a legal right to obtain certain documents

2  is deemed to have control of the documents.  <u>Clark</u>, 181 F.R.D. at 472.

3            **<u>Request 13.</u>**          **Written description of inquiry/investigation conducted by**

4                                        **Correctional Lieutenant Steadman into allegations made by**

                                      **inmate Noble concerning staff misconduct, which was**

5                                        **forwarded to the Warden of North Kern State Prison.**

          **<u>Defendant's Response.</u>**          **These responding defendants will provide all non-privileged**

6                                        **information in RVR-06-07-0016.**

7         Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the documents

8  requested.  Because Defendant has agreed to provide all non-privileged information pursuant to this

9  request, Defendant's failure to provide any documents acts as an objection on the ground that all of the

10  information requested is privileged.

11         Defendant is required to submit a copy of the document requested in Request 13, to the Court

12  under seal for *in camera* review and notify Plaintiff that he has done so, within forty-five days. No

13  additional objections are permitted.  If Defendant cannot provide copies of the document(s) requested,

14  he must explain in writing why he is unable to do so.  Defendant is reminded that he need not have

15  actual possession of documents to be deemed in control of them, and a party that has a legal right to

16  obtain certain documents is deemed to have control of the documents.  <u>Clark</u>, 181 F.R.D. at 472.

17

18            **<u>Request 14.</u>**          **Records regarding Correctional Officer J. Cornett**

                                      **maintained in C.D.C.R. files, including: Adverse Action Files;**

19                                        **Formal Adverse Action Files; Internal Affairs Files at North**

                                      **Kern State Prison.**

20            **<u>Defendant's Response.</u>**          **Objection, as this request calls for privileged information, is**

                                      **not relevant nor likely to lead to admissible or discoverable**

21                                        **evidence.   See California Penal Code § 832 et seq.**

22         Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and

23  are relevant to the subject matter involved in this action.

24         Defendant objects on the grounds that this request calls for privileged information and is not

25  relevant or likely to lead to admissible or discoverable evidence.

26         Defendant's objection for relevance is sustained.  The Court finds that the document(s) requested

27  are not relevant to the claims or defenses in this action.  Therefore, Defendant is not required to produce

28  any documents in response to Request 14.

1

2      **Request 15.**           **Records regarding Correctional Lieutenant V. J. Gonzalez maintained in C.D.C. files, including: Adverse Action Files; Formal Adverse Action Files; Internal Affairs Files at North Kern State Prison.**

3

4      **Defendant's Response.**   **Objection, as this request calls for privileged information, is not relevant nor likely to lead to admissible or discoverable evidence.   See California Penal Code § 832 et seq.**

5

6          Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and

7    are relevant to the subject matter involved in this action.

8          Defendant objects that this request calls for privileged information and is not relevant or likely

9    to lead to admissible or discoverable evidence.   Despite claims of privilege, personnel files are

10   discoverable in federal question cases.   Garrett, 818 F.2d at 1519 n. 6; see Zolin, 491 U.S. at 562; also

11   see Kelly, 114 F.R.D. at 656.

12         Plaintiff's request for records from Internal Affairs Files at North Kern State Prison is overbroad.

13   Therefore, Defendant is not required to produce any documents from Internal Affairs Files pursuant to

14   Request 15.

15         However, the Court will allow Plaintiff to discover past records of similar claims against the

16   Defendant found in Adverse Action Files and Formal Adverse Action Files.   Therefore, Defendant is

17   required to submit to the Court under seal for *in camera* review and notify Plaintiff that he has done so,

18   within forty-five days, copies of the records within Defendant's possession, custody or control requested

19   in Request 15 and maintained in Adverse Action Files and Formal Adverse Action Files, concerning

20   incidents of due process violations by Correctional Lieutenant V. J. Gonzalez occurring prior to

21   September 7, 2006, but no further back than September 7, 2001.   No objections are permitted.   If

22   Defendant cannot provide copies of the documents requested, he must explain in writing why he is

23   unable to do so.   Defendant is reminded that he need not have actual possession of documents to be

24   deemed in control of them, and a party that has a legal right to obtain certain documents is deemed to

25   have control of the documents.   Clark, 181 F.R.D. at 472.

26   ///

27   ///

28   ///

21

| | |
|---|---|
| **Request 16.** | **Documents prepared for and used in the disciplinary proceedings concerning RVR Log #A-06-07-0016.** |
| **Defendant's Response.** | **These responding defendants will provide all non-privileged information in RVR-06-07-0016.** |

Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the documents requested. Because Defendant has agreed to provide all non-privileged information pursuant to this request, Defendant's failure to provide any documents in response to Request 16 acts as an objection on the ground that all of the information requested is privileged.

Defendant has not specified why documents prepared for and used in the disciplinary proceedings are privileged information. See Zolin, 491 U.S. at 562; also see Kelly, 114 F.R.D. at 656. Therefore, Defendant is required to serve upon Plaintiff copies of the documents requested in Request 16, within forty-five days. No additional objections are permitted. If any of the documents produced contain privileged information, Defendant shall instead submit those documents to the Court under seal for *in camera* review and notify Plaintiff that he has done so, within forty-five days. If Defendant cannot provide copies of the documents requested, he must explain in writing why he is unable to do so. Defendant is reminded that he need not have actual possession of documents to be deemed in control of them, and a party that has a legal right to obtain certain documents is deemed to have control of the documents. Clark, 181 F.R.D. at 472.

| | |
|---|---|
| **Request 17.** | **Copies of all documents submitted by inmate Noble to Correctional Lieutenant V. J. Gonzalez at the September 7, 2006, disciplinary hearing concerning RVR Log # A-06-07-0016.** |
| **Defendant's Response.** | **These responding defendants will provide all non-privileged information in RVR-06-07-0016.** |

Plaintiff asserts that to date, Defendant's counsel has failed to permit inspection of the documents requested. Because Defendant has agreed to provide all non-privileged information pursuant to this request, Defendant's failure to provide any documents in response to Request 17 acts as an objection on the ground that all of the information requested is privileged.

Defendant has not specified why the documents submitted by Plaintiff at his disciplinary proceeding are privileged information. See Zolin, 491 U.S. at 562; also see Kelly, 114 F.R.D. at 656. Therefore, Defendant is required to serve upon Plaintiff copies of the documents requested in Request

17, within forty-five days.  No additional objections are permitted.  If any of the documents produced

contain private or privileged information, Defendant shall instead submit those documents to the Court

under seal for *in camera* review and notify Plaintiff that he has done so, within forty-five days.  If

Defendant cannot provide copies of the documents requested, he must explain in writing why he is

unable to do so.  Defendant is reminded that he need not have actual possession of documents to be

deemed in control of them, and a party that has a legal right to obtain certain documents is deemed to

have control of the documents.  <u>Clark</u>, 181 F.R.D. at 472.

|   |   |
|---|---|
| <u>**Request 18.**</u> | **Any logs, lists, or other documentation reflecting grievances filed by North Kern State Prison inmates against Correctional Lieutenant V. J. Gonzalez concerning Due Process violations during disciplinary proceedings, in the year 2006.** |
| <u>**Defendant's Response.**</u> | **Objection, as this request calls for privileged information, is not relevant nor likely to lead to admissible or discoverable evidence.   See California Penal Code § 832 et seq.** |

Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and

are relevant to the subject matter involved in this action.

Defendant objects under § 832 of the California Penal Code, on the grounds that this request calls

for irrelevant and privileged information.  While this Court may give some weight to privacy rights

protected by state statutes, the "ultimate responsibility for deciding how much weight to ascribe to such

interests, and how that weight compares with the significance of competing interests, must reside with

the federal courts."  <u>Kelly</u>, 114 F.R.D. at 656.  Defendant has not specified why the records are not

relevant or likely to lead to admissible or discoverable evidence.  The Court will allow Plaintiff to

discover past records of similar claims filed against the Defendant in 2006.  Therefore, Defendant is

required to respond within forty-five days to Request 18 by submitting to the Court under seal for *in

camera* review and notifying Plaintiff that he has done so, copies of documents within Defendant's

possession, custody or control regarding any logs, lists, or other documentation reflecting grievances

filed by North Kern State Prison inmates against defendant Lieutenant V. J. Gonzalez between January

1, 2006 and September 7, 2006, concerning due process violations during disciplinary proceedings.  No

objections are permitted.  If Defendant cannot provide copies of the documents requested, he must

explain in writing why he is unable to do so.  Defendant is reminded that he need not have actual

1   possession of documents to be deemed in control of them, and a party that has a legal right to obtain

2   certain documents is deemed to have control of the documents.  Clark, 181 F.R.D. at 472.

3   **Request 20.**            **Photograph of metal food cart containing the inmate sack**
                               **lunches and the locking mechanism on the food cart's wheels.**
4                              **(See Crime/Incident Report A1-Supplement, pg 2 of 8.)**

5   **Defendant's Response.**  **Objection, as said request is not relevant or likely to lead to**
                               **admissible or discoverable evidence.  The basis of this action**
6                              **is simply whether or not during rule violation hearing due**
                               **process was violated and the damages, if any thereto.  No**
7                              **documents will be produced.**

8        Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and

9   are relevant to the subject matter involved in this action and reasonably calculated to lead to the

10  discovery of admissible evidence.

11       Defendant's objection is sustained.  The Court finds that the photograph requested is not relevant

12  to Plaintiff's claim that Defendant violated his due process rights at the September 7, 2006 RVR hearing.

13  No further response by Defendant to Request 20 is required.

14

15  **Request 21.**            **Photographs and measurements of the scene of the incident**
                               **including:**
                               **a.      Area in front of Facility A Dining Hall;**
16                             **b.      Distance from A-side Dining Exit to B-side Dining**
                               **         exit;**
17                             **c.      Width of sidewalk in front of Facility A Dining Hall;**
                               **d.      Photo depicting where metal food carts containing**
18                             **         inmate lunches are stationed during meal times on**
                               **         Facility A Dining Hall;**
19                             **e.      Photo depicting where inmate Noble was lying on**
                               **         ground in relation to Dining Exit (see "sample**
20                             **         diagram" included herewith.)**

21  **Defendant's Response.**  **Objection, as said request is not relevant or likely to lead to**
                               **admissible or discoverable evidence.  The basis of this action**
22                             **is simply whether or not during rule violation hearing due**
                               **process was violated and the damages, if any thereto.  No**
23                             **documents will be produced.**

24       Plaintiff argues that the documents requested are within the discovery scope of Rule 26(b)(1) and

25  are relevant to the subject matter involved in this action and reasonably calculated to lead to the

26  discovery of admissible evidence.

27  ///

28  ///

24

1   Defendant's objection is sustained.   The Court finds that the photographs and measurements

2   requested are not relevant to Plaintiff's claim that Defendant violated his due process rights at the

3   September 7, 2006 RVR hearing.  No further response by Defendant to Request 21 is required.

4   **IV.   DEFENDANT'S PENDING MOTION FOR SUMMARY JUDGMENT**

5   In light of this order resolving Plaintiff's motion to compel, Defendant's pending motion for

6   summary judgment filed on March 18, 2011 will, by this order, be held in abeyance, pending resolution

7   of the discovery matters at issue in Plaintiff's motion to compel.

8   **V.   CONCLUSION**

9   Based on the foregoing, IT IS HEREBY ORDERED that:

10   1.   Plaintiff's motion to compel discovery responses, filed on January 19, 2011, is

11   GRANTED in part and DENIED in part;

12   2.   Plaintiff's motion to compel is GRANTED with respect to Interrogatories 1, 4-6, 8-12,

13   and 23, and Requests for Production 1-5, 8-10, 12-13, and 15-18;

14   3.   Plaintiff's motion to compel is DENIED with respect to Interrogatories 3, 13, and 24, and

15   Requests for Production 11, 14, 20, and 21;

16   4.   Within forty-five days of the date of service of this order, as instructed by this order,

17   Defendant is required to serve upon Plaintiff, or submit to the Court under seal for *in*

18   *camera* review, further responses to Plaintiff's Interrogatories 1, 4-6, 8-12, and 23;

19   5.   Within forty-five days of the date of service of this order, as instructed by this order,,

20   Defendant is required to serve upon Plaintiff, or submit to the Court under seal for *in*

21   *camera* review, copies of documents requested in Requests 1-5, 8-10, 12-13, and 15-18

22   of Plaintiff's Request for Production of Documents;

23   6.   Defendant's motion for summary judgment, filed on March 18, 2011, is HELD IN

24   ABEYANCE pending resolution of the discovery matters at issue in Plaintiff's motion

25   to compel; and

26   ///

27   ///

28   ///

25

1    7.    The failure of Defendant to comply with this order may result in the imposition of

2    sanctions deemed appropriate by this Court.

3

4    IT IS SO ORDERED.

5    **Dated:**    **May 27, 2011**                    **/s/ Gary S. Austin**

6                                            UNITED STATES MAGISTRATE JUDGE

26