IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH NOBLE IV,<br><br>    Plaintiff,<br><br>    vs.<br><br>LT. V. J. GONZALEZ,<br><br>    Defendant. | 1:07-cv-01111-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. BACKGROUND

Steven Joseph Noble IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original Complaint on July 31, 2007. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and entered an order on December 19, 2008, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On February 24, 2009, Plaintiff filed the First Amended Complaint. (Doc. 15.) This action now proceeds on the First Amended Complaint against defendant Lieutenant V. J. Gonzalez ("Defendant"), for violation of Plaintiff's rights to due process.

On May 14, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of January 14, 2011 for completion of discovery, including motions to compel. (Doc. 21.) On January 19, 2011, Plaintiff filed a motion to compel further discovery responses from Defendant.[1] (Doc. 23.) On March 18, 2011, Defendant filed a motion for summary judgment. (Doc. 24.)

---

[1] Based on the mailbox rule, the Court deemed the motion to compel to be timely. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

On May 27, 2011, the Court entered an order granting in part and denying in part Plaintiff's motion to compel, and holding Defendant's motion for summary judgment in abeyance pending resolution of discovery matters. (Doc. 28.) The Court's order required Defendant to provide further responses to Plaintiff's Interrogatories 1, 4-6, 8-12, and 13, and Plaintiff's Requests for Production 1-5, 8-10, 12-13, and 15-18, within forty-five days. Id. On July 1, 2011, in response to the Court's order, Defendant submitted discovery materials to the Court for *in camera* review.

The Court has conducted an *in camera* review of the materials submitted by Defendant. In the course of the review, the Court examined the record and conducted a new screening of the First Amended Complaint. The Court now finds that Plaintiff fails to state a claim in this action for which relief may be granted under 42 U.S.C. § 1983.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id.

**II.     PLAINTIFF'S ALLEGATIONS AND CLAIM AGAINST DEFENDANT**

**A.     Summary of First Amended Complaint**

The events alleged in the First Amended Complaint occurred at North Kern State Prison ("NKSP") in Delano, California, while Plaintiff was incarcerated there. Plaintiff names Correctional Lieutenant V. J. Gonzalez as the only defendant in this action.

Plaintiff alleges that between April 2006 and July 2006 he filed two Form 602 inmate appeals which inadvertently disgruntled and affected numerous prison officials. Both appeals were granted in Plaintiff's favor. On July 20, 2006, Plaintiff alleges he was attacked by several prison guards, in retaliation for filing and litigating the appeals.

As a result of the attack, Plaintiff was issued a CDC-115 Rules Violation Report ("RVR"), charged with attempted battery on a peace officer, and placed into administrative segregation ("Ad-Seg") to await adjudication of the RVR.

Plaintiff filed a Citizen's Complaint under California Penal Code § 832(f) and notified his family about the incident. One of Plaintiff's family members faxed the Warden of NKSP a copy of Plaintiff's Citizen's Complaint. The first Citizen's Complaint was ignored, and the second one (copy) was denied as untimely, even though under the regulations (CCR § 3391), a Citizen's Complaint may be filed within twelve months of the alleged misconduct.

On September 7, 2006, while still confined in Ad-Seg, Plaintiff was subjected to a disciplinary hearing presided over by Lt. Gonzalez who acted as the Senior Hearing Officer. Plaintiff sought to call witnesses and introduce documentary evidence and a video recording at the hearing. However, Lt. Gonzalez refused to allow Plaintiff to call any witnesses, present evidence, or speak on his own behalf. Lt. Gonzalez arbitrarily pronounced Plaintiff guilty and assessed penalties upon Plaintiff, causing a major disruption in Plaintiff's environment.

Plaintiff was assessed a forfeiture of one hundred fifty days of good time credits. In addition, fourteen unfavorable behavior points were added to Plaintiff's classification score, causing him to be ineligible for Level III facility housing where he received daily access to yard and/or dayroom activities, showers, phones, library, chapel services, special purchase items, and regular Friday-through-Sunday visiting. Plaintiff was also assessed a six-month Security Housing Unit ("SHU") term in the Ad-Seg

1 unit, where he was deprived of even the minimum amount of personal property allowed by inmates in
2 the regular SHU. Plaintiff was also assigned to a lower work privilege group category, and his access
3 to work, school, and vocational activities was completely taken away.

4       On November 20, 2006, Plaintiff was adversely transferred from NKSP to High Desert State
5 Prison ("HDSP"), a Level IV facility located over 350 miles from his family. At HDSP, all of Plaintiff's
6 personal property was withheld from him until January 12, 2007, and even then a substantial amount was
7 confiscated by HDSP officials, including a radio, headphone accessories, clock, clothing, books,
8 magazines, photos, food items, and cosmetics – all items which were authorized on a Level III facility
9 but not on a Level IV facility. Plaintiff remained housed on a Level IV facility from November 20, 2006
10 until January 3, 2008. During this period, Plaintiff was only permitted sixteen two-hour out-of-cell
11 exercise periods, due to race-based lockdowns. Plaintiff spent virtually twenty four hours a day confined
12 to a cell, except for the exercise periods and approximately eight one-hour dayroom periods. Plaintiff's
13 visiting privileges were also limited.

14       The hardships described above were imposed upon Plaintiff in spite of the fact that on November
15 17, 2006, officials were ordered to "reissue/rehear" the RVR, based on the due process violations that
16 occurred at the September 7, 2006 disciplinary hearing presided over by defendant Lt. Gonzalez.
17 Plaintiff did not receive a rehearing until July 31, 2007,[2] and only then because Plaintiff filed two habeas
18 corpus petitions in state courts. Prison officials have admitted that the findings of the RVR were not
19 appropriate or in accordance with the rules, regulations and policies of NKSP. At the time Plaintiff filed
20 this action, he had not received a re-hearing of the RVR.

21     **C.**    **Due Process Claim**

22       Plaintiff brings a due process claim against Defendant. The Due Process Clause protects
23 prisoners from being deprived of life, liberty, or property without due process of law. Wolff v.
24 McDonnell, 418 U.S. 539, 556 (1974). The procedural guarantees of the Due Process Clause apply only
25 when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430

---

[2] Plaintiff states in the First Amended Complaint that he received a rehearing on "June 13, 2007." Amd Cmp at 6:19. However, Plaintiff makes a correction in his opposition to Defendant's motion for summary judgment, stating that "[i]n the Complaint I mistakenly dated the rehearing as 'June 13, 2007.' The actual date of the rehearing was July 31, 2007." Opp'n, Doc. 27 at 11 fn.4.

U.S. 651, 672-73 (1977); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir 2003).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of an interest for which the protection is sought.  Liberty interests can arise both from the Constitution and from state law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Hewitt v. Helms, 459 U.S. 460, 466-68 (1983) (abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Pearson v. Muntz, 606 F.3d 606, 609 (9th Cir. 2010) (per curium) (recognizing right arising from state law) (overruled on other grounds by Swarthout v. Cooke, 131 S.Ct. 859 (2011) (per curium)).  The Due Process Clause itself does not grant prisoners a liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin, 515 U.S. at 485-86 and Hewitt, 459 U.S. at 468; in not losing privileges, Baxter v. Palamino, 425 U.S. 308, 323 (1976); or in staying at a particular institution, see Meachum v. Fano, 427 U.S. 215, 225-27 (1976).

In Sandin, the Supreme Court held that state law creates liberty interests deserving protection under the Fourteenth Amendment's Due Process Clause only when the deprivation in question (1) restrains the inmate's freedom in a manner not expected from his or her sentence and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.  When conducting a Sandin inquiry, courts should look to Eighth Amendment standards as well as the prisoners' conditions of confinement, the duration of the sanction, and whether the sanctions will affect the length of the prisoners' sentence.  See Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003); Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir 2003); Keenan v. Hall, 83 F.3d 1083, 1089 (amended by 135 F.3d 1318 (9th Cir. 1998)).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556.  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner

is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

## III.   DISCUSSION

Plaintiff claims his due process rights were violated at the September 7, 2006 RVR hearing. Plaintiff alleges that prison officials acknowledged that the hearing violated due process, that he was granted a re-hearing, and that his good time credits were restored. At the time this action was filed, Plaintiff's re-hearing had not been held, and it was unknown whether Plaintiff's disciplinary conviction and sentence from the September 6, 2006 hearing would be upheld.[3]

Under these facts, Plaintiff cannot show that a protected interest was improperly taken from him. The results of both the hearing and the re-hearing must be known before Plaintiff can state a due process claim. To state a claim, Plaintiff must show that as a whole, he suffered a loss of liberty as a result of due process violations arising from the entire disciplinary process. Thus, Plaintiff is unable to state a due process claim in this action, and the First Amended Complaint must be dismissed. The deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Although Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires " . . . courts "need not grant leave to amend where the amendment . . . is futile." AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Fed. R. Civ. P. 15(a)).

///

///

---

[3] On May 13, 2011, in his opposition to Defendant's motion for summary judgment, Plaintiff alleges facts which occurred after the present action was filed. Plaintiff alleges that on July 31, 2007, a re-hearing of the RVR was held, and Plaintiff was again found guilty of the charges against him but suffered no credit loss due to time constraints. Doc. 27 at 12 ¶14. At the re-hearing, Plaintiff was scheduled to appear before a classification committee for consideration of a SHU term; however, there is no indication whether a SHU term was imposed or whether Plaintiff received any other sentence. Doc. 24-6 at 23. Plaintiff also alleges that his rights to due process were violated at the re-hearing. Doc. 27 at 12 ¶14. These later allegations and claims, which arose after this action was filed, are not before the Court in this action. Plaintiff may not bring unexhausted claims and may not exhaust claims while the action is pending. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).

Based on this analysis, the Court finds that Plaintiff is unable to show that a protected interest was improperly taken from him and, therefore, Plaintiff is unable to state a due process claim in this action. Accordingly, the Amended Complaint must be dismissed without leave to amend.

**IV.    RECOMMENDATIONS AND CONCLUSION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that the First Amended Complaint be DISMISSED for failure to state a claim upon which relief may be granted under § 1983, without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 10, 2012**                    /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE