IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH NOBLE IV, | 1:07-cv-01111-LJO-GSA-PC |
| Plaintiff, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 29.) |
| LT. V. J. GONZALEZ, | ORDER DISMISSING DUE PROCESS CLAIM, FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND |
| Defendant. | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT |
| | (Doc. 24.) |
| | ORDER REFERRING CASE BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS, INCLUDING SCREENING THE AMENDED COMPLAINT |
| | (Doc. 15.) |
| _____/ | |

Steven Joseph Noble IV ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 10, 2012, findings and recommendations were entered, recommending that this action be dismissed for failure to state a claim. (Doc. 29.) On March 5, 2012, Plaintiff filed objections to the findings and recommendations. (Doc. 32.)

1

1  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
2  Court has conducted a de novo review of this case.  The Court has carefully reviewed the entire file,
3  including Plaintiff's objections, and finds the findings and recommendations to be supported by the
4  record and proper analysis with respect to Plaintiff's due process claim.  The Magistrate Judge found
5  that because Plaintiff did not know, at the time he filed this action on July 31, 2007, whether his
6  disciplinary conviction and sentence from the September 6, 2006 hearing would be upheld at the
7  rehearing which had not yet occurred, he is unable to show in this action that a protected interest was
8  improperly taken from him at the September 6, 2006 hearing.  Plaintiff has not demonstrated in his
9  objections that the Magistrate Judge committed error, or presented the Court with new information to
10 induce the Court to refrain from adopting this finding.  Therefore, the Court shall adopt the finding
11 that Plaintiff's due process claim should be dismissed from this action without leave to amend.  As a
12 result of this ruling, Defendant's motion for summary judgment on Plaintiff's due process claim shall
13 be denied as moot.

14 The Magistrate Judge recommends that Plaintiff's First Amended Complaint be dismissed in
15 its entirety, based on the finding that Plaintiff's sole claim, for violation of due process, should be
16 dismissed.  However, Plaintiff now argues in his objections that he also brought a retaliation claim in
17 the First Amended Complaint which was not acknowledged by the Court.  Plaintiff asserts that he
18 "alleged facts [in the First Amended Complaint] that he was beaten by prison guards for filing
19 grievances, and that stifling the investigation into the alleged guard brutality was a motivating factor
20 in the Defendant's affirmative acts or omissions."  (Objections, Doc. 32 at 4:20-23.)  The Court has
21 reviewed the First Amended Complaint and finds that while Plaintiff brought only one claim, for
22 violation of due process, he did allege that the due process claim "stems from ... retaliatory actions
23 taken by prison officials against [him]" for litigating inmate appeals.  (ACP, Doc. 15 at 2 ¶C.)  Under
24 these facts, Plaintiff may be able to state a cognizable claim for retaliation.  Accordingly, this case
25 shall be referred back to the Magistrate Judge for further proceedings, including the screening of the
26 First Amended Complaint to determine if Plaintiff states a viable claim for retaliation.
27 ///
28

Based on the foregoing, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on January 10, 2012, are ADOPTED IN PART;
2. Plaintiff's due process claim is DISMISSED from this action for Plaintiff's failure to state a claim, without leave to amend;
3. Defendant's motion for summary judgment, filed on March 18, 2011, is DENIED as moot; and
4. This case is REFERRED BACK to the Magistrate Judge for further proceedings, including the screening of the First Amended Complaint to determine if Plaintiff states a viable claim for retaliation.

IT IS SO ORDERED.

**Dated:   March 8, 2012**          /s/ Lawrence J. O'Neill
                    UNITED STATES DISTRICT JUDGE

3