UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH NOBLE IV, | 1:07-cv-01111-LJO-GSA-PC |
| Plaintiff, | <u>ORDER FINDING COGNIZABLE CLAIM</u> |
| v. | ORDER FOR THIS ACTION TO PROCEED ON AMENDED COMPLAINT AGAINST DEFENDANT GONZALEZ FOR RETALIATION UNDER THE FIRST AMENDMENT |
| LT. V. J. GONZALEZ, | (Doc. 15.) |
| Defendant. | ORDER REQUIRING DEFENDANT GONZALEZ TO RESPOND TO AMENDED COMPLAINT WITHIN THIRTY DAYS |
| _____/ | |

**I.   BACKGROUND**

Steven Joseph Noble IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original Complaint on July 31, 2007. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and entered an order on December 19, 2008, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On February 24, 2009, Plaintiff filed an Amended Complaint. (Doc. 15.) The Court screened the Amended Complaint pursuant to 28 U.S.C. 1915 and entered an order on November 24, 2009, finding that Plaintiff stated a cognizable claim against Defendant Gonzalez for violation of due process, and initiating service of process. (Doc. 16.)

1    On May 14, 2010, the Court issued a scheduling order commencing discovery, and on
2 January 19, 2011, Plaintiff filed a motion to compel. (Docs. 21, 23.) On May 27, 2011, the
3 Court ordered Defendant to provide further discovery responses, and on July 1, 2011, Defendant
4 submitted documents to the Court for *in camera* review. (Doc. 28.) In the course of reviewing
5 materials submitted by Defendant, the Court conducted a *sua sponte* screening of the Amended
6 Complaint pursuant to 28 U.S.C. 1915 and found that Plaintiff failed to state a due process claim.
7 On January 10, 2012, the Court entered findings and recommendations, recommending dismissal
8 of this action for failure to state a claim. (Doc. 29.) On March 8, 2012, the District Judge
9 adopted in part the findings and recommendations, dismissed Plaintiff's due process claim
10 without leave to amend, and referred the case back to the Magistrate Judge for re-screening of the
11 Amended Complaint to determine if Plaintiff states a viable claim for retaliation. (Doc. 33.) The
12 Amended Complaint is now before the Court for re-screening, pursuant to the March 8, 2012
13 order.

14 **II.    SCREENING REQUIREMENT**

15    Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the
16 complaint for sufficiency to state a claim. "Notwithstanding any filing fee, or any portion
17 thereof, that may have been paid, the court shall dismiss the case at any time if the court
18 determines that . . . the action or appeal . . . is legally "frivolous or malicious," fails to state a
19 claim upon which relief may be granted, or seeks monetary relief from a defendant who is
20 immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint
21 fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the
22 complaint can be cured by amendment.

23    A complaint must contain "a short and plain statement of the claim showing that the
24 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
25 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
26 conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing
27 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).
28 "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d

2

949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### III.     SUMMARY OF AMENDED COMPLAINT

The events alleged in the Amended Complaint occurred at North Kern State Prison ("NKSP") in Delano, California, while Plaintiff was incarcerated there. Plaintiff names Correctional Lieutenant V. J. Gonzalez as the only defendant in this action.

Plaintiff alleges that between April 2006 and July 2006 he filed two Form 602 inmate appeals which inadvertently disgruntled and affected numerous prison officials. Both appeals were granted in Plaintiff's favor. On July 20, 2006, Plaintiff alleges he was attacked by several prison guards, in retaliation for filing and litigating the appeals.

As a result of the attack, Plaintiff was issued a CDC-115 Rules Violation Report ("RVR"), charged with attempted battery on a peace officer, and placed into administrative segregation ("Ad-Seg") to await adjudication of the RVR.

Plaintiff filed a Citizen's Complaint under California Penal Code § 832(f) and notified his family about the incident. One of Plaintiff's family members faxed the Warden of NKSP a copy of Plaintiff's Citizen's Complaint. The first Citizen's Complaint was ignored, and the second one (copy) was denied as untimely, even though under the regulations (CCR § 3391), a Citizen's Complaint may be filed within twelve months of the alleged misconduct.

On September 7, 2006, while still confined in Ad-Seg, Plaintiff was subjected to a disciplinary hearing presided over by Lt. Gonzalez who acted as the Senior Hearing Officer. Plaintiff sought to call witnesses and introduce documentary evidence and a video recording at the hearing. However, Lt. Gonzalez refused to allow Plaintiff to call any witnesses, present evidence, or speak on his own behalf. Lt. Gonzalez arbitrarily pronounced Plaintiff guilty and assessed penalties upon Plaintiff, causing a major disruption in Plaintiff's environment.

Plaintiff was assessed a forfeiture of one hundred fifty days of good time credits. In addition, fourteen unfavorable behavior points were added to Plaintiff's classification score, causing him to be ineligible for Level III facility housing where he received daily access to yard

and/or dayroom activities, showers, phones, library, chapel services, special purchase items, and regular Friday-through-Sunday visiting. Plaintiff was also assessed a six-month Security Housing Unit ("SHU") term in the Ad-Seg unit, where he was deprived of even the minimum amount of personal property allowed by inmates in the regular SHU. Plaintiff was also assigned to a lower work privilege group category, and his access to work, school, and vocational activities was completely taken away.

On November 20, 2006, Plaintiff was adversely transferred from NKSP to High Desert State Prison ("HDSP"), a Level IV facility located over 350 miles from his family. At HDSP, all of Plaintiff's personal property was withheld from him until January 12, 2007, and even then a substantial amount was confiscated by HDSP officials, including a radio, headphone accessories, clock, clothing, books, magazines, photos, food items, and cosmetics – all items which were authorized on a Level III facility but not on a Level IV facility. Plaintiff remained housed in a Level IV facility from November 20, 2006 until January 3, 2008. During this period, Plaintiff was only permitted sixteen two-hour out-of-cell exercise periods, due to race-based lockdowns. Plaintiff spent virtually twenty four hours a day confined to a cell, except for the exercise periods and approximately eight one-hour dayroom periods. Plaintiff's visiting privileges were also limited.

The hardships described above were imposed upon Plaintiff in spite of the fact that on November 17, 2006, officials were ordered to "reissue/rehear" the RVR, based on the due process violations that occurred at the September 7, 2006 disciplinary hearing presided over by defendant Lt. Gonzalez. Plaintiff did not receive a rehearing until July 31, 2007,[1] and only then because Plaintiff filed two habeas corpus petitions in state courts. Prison officials have admitted that the findings of the RVR were not appropriate or in accordance with the rules, regulations and policies of NKSP. At the time Plaintiff filed this action, he had not received a re-hearing of the RVR.

---

[1] Plaintiff states in the First Amended Complaint that he received a rehearing on "June 13, 2007." Amd Cmp at 6:19. However, Plaintiff makes a correction in his opposition to Defendant's motion for summary judgment, stating that "[i]n the Complaint I mistakenly dated the rehearing as 'June 13, 2007.' The actual date of the rehearing was July 31, 2007." Opp'n, Doc. 27 at 11 fn.4.

4

Plaintiff requests monetary damages.

## IV. PLAINTIFF'S CLAIM FOR RETALIATION

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

**Legal Standard**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

**Discussion**

Upon review of the facts alleged by Plaintiff in the Amended Complaint, the Court finds that Plaintiff states a cognizable claim against defendant Lt. V. J. Gonzalez for retaliation in violation of the First Amendment.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This action now proceeds with the Amended Complaint, filed on February 24, 2009, against defendant Gonzalez for retaliation in violation of the First Amendment; and

///

2. Defendant Gonzales is required to file a response to the Amended Complaint, with respect to Plaintiff's claim for retaliation, within thirty days from the date of service of this order.

IT IS SO ORDERED.

Dated: **June 27, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE