1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                         EASTERN DISTRICT OF CALIFORNIA

9

10   STEVEN JOSEPH NOBLE IV,              )        1:07-cv-01111-LJO-GSA-PC
                                          )
11            Plaintiff,                   )       ORDER DENYING MOTION FOR
                                          )       RECONSIDERATION
12       vs.                              )       (Doc. 46.)
                                          )
13   LT. V. J. GONZALEZ,                  )
                                          )
14            Defendant.                   )
                                          )
15   _____     )

16   **I.       BACKGROUND**

17            Steven Joseph Noble IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18   with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

19   action on July 31, 2007.  (Doc. 1.)  This action now proceeds on the First Amended Complaint against

20   defendant Lieutenant V. J. Gonzalez ("Defendant"), for retaliation in violation of the First Amendment.

21   (Doc. 16.)

22            On January 14, 2013, Plaintiff filed a motion for reconsideration of the Court's order of March

23   8, 2012, which denied Defendant's motion for summary judgment as moot. (Doc. 46.)

24   **II.      MOTION FOR RECONSIDERATION**

25            **A.      <u>Legal Standard</u>**

26            Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.

27   Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be

28                                             1

1    utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th

2    Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both

3    injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted).

4    In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or

5    different facts or circumstances are claimed to exist which did not exist or were not shown upon such

6    prior motion, or what other grounds exist for the motion."

7           "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless

8    the district court is presented with newly discovered evidence, committed clear error, or if there is an

9    intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>,

10   571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party

11   seeking reconsideration must show more than a disagreement with the Court's decision, and

12   recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S.</u>

13   <u>v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

14          **B.**    **Plaintiff's Motion**

15          Plaintiff requests reconsideration of the Court's order of March 8, 2012, which adopted in part

16   the Magistrate Judge's findings and recommendations, dismissed Plaintiff's due process claim without

17   leave to amend, denied Defendant's motion for summary judgment as moot, and referred the case back

18   to the Magistrate Judge to screen the First Amended Complaint for a retaliation claim.  (Doc. 33.)

19   Plaintiff argues it was unnecessary to re-screen the First Amended Complaint, because the Court had

20   already found a retaliation claim in its screening order of November 24, 2009, and the Court should not

21   have found Defendant's motion for summary judgment moot merely because the due process claim was

22   dismissed.  Plaintiff asserts that he "spent countless hours and hundreds of dollars in preparing, filing

23   and serving [his] 'Opposition to the defendant's motion for summary judgment,'" and the Court should

24   consider his arguments and rule on the merits of the motion for summary judgment.  (Motion, Doc. 46

25   at 5¶15.)

26   ///

27   ///

28                                            2

1    **C.      Discussion**

2        Plaintiff's argument is not persuasive.  There is no evidence in the Court's order of November

3    24, 2009 that the Court found the First Amended Complaint stated a claim for retaliation.  Plaintiff

4    contends that the Court implied in the order that Plaintiff stated a claim for retaliation by citing Austin

5    v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).  (Doc. 16 at 1:19-22.)  However, the Court did not

6    state, and did not intend to imply by citing Austin, that the Court had found a claim for retaliation.  There

7    is no evidence in subsequent court proceedings indicating that the Court had found a retaliation claim;

8    in fact, the Court indicated in subsequent orders that the case only proceeded on Plaintiff's due process

9    claim.  (Doc. 28 at 1:24-26; Doc. 29 at 1:20-22.)

10        Based on these facts, it would  be a waste of judicial resources for the Court to consider the

11   merits of  Defendant's prior motion for summary judgment at this stage of the proceedings.  This case

12   now proceeds only on Plaintiff's retaliation claim, and Defendant's motion for summary judgment did

13   not address a claim for retaliation.  (Doc. 15 ¶C; Doc. 24.)  Plaintiff has not demonstrated that the Court

14   committed clear error, or presented the Court with new information of a strongly convincing nature, to

15   induce the Court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

16   **III.    CONCLUSION**

17        Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration,

18   filed on January 14, 2013, is DENIED.

19   IT IS SO ORDERED.

20   **Dated:    January 16, 2013          /s/  Lawrence J. O'Neill**
                              UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

3