# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH NOBLE IV, | 1:07-cv-01111-LJO-GSA-PC |
|      Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. 44.) |
|     vs. | |
| LT. V. J. GONZALEZ, | THIRTY DAY DEADLINE FOR DEFENDANT TO MAKE FURTHER RESPONSES PURSUANT TO THIS ORDER |
|      Defendant. | |
| | ORDER CLOSING DISCOVERY |

## I.  BACKGROUND

Steven Joseph Noble IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original Complaint on July 31, 2007. (Doc. 1.) This action now proceeds on the First Amended Complaint filed on February 24, 2009, against defendant Lieutenant V. J. Gonzalez ("Defendant"), for retaliation in violation of the First Amendment.[1] (Doc. 15.)

On August 1, 2012, the court issued a Discovery/Scheduling Order establishing a deadline of April 1, 2013 for completion of discovery, including filing motions to compel.

---

[1] On March 8, 2012, the court dismissed Plaintiff's due process claim against Defendant, for failure to state a claim. (Doc. 33.)

(Doc. 39.)   On December 26, 2012, Plaintiff filed a motion to compel further discovery responses from Defendant.   (Doc. 44.)   On January 9, 2013, Defendant filed an opposition. (Doc. 45.)   On January 22, 2013, Plaintiff filed a reply to the opposition.   (Doc. 48.)   On May 29, 2013, Defendant filed a motion for summary judgment, which is pending.   (Doc. 49.)

Plaintiff's motion to compel is now before the Court.

## II.      PLAINTIFF'S ALLEGATIONS AND CLAIM AGAINST DEFENDANT

The events alleged in the First Amended Complaint occurred at North Kern State Prison ("NKSP") in Delano, California, while Plaintiff was incarcerated there.   Plaintiff names Correctional Lieutenant V. J. Gonzalez as the only defendant in this action.

Plaintiff alleges that between April 2006 and July 2006 he filed two Form 602 inmate appeals which inadvertently disgruntled and affected numerous prison officials.   Both appeals were granted in Plaintiff's favor.   On July 20, 2006, Plaintiff was attacked by several prison guards, in retaliation for filing and litigating the appeals.

As a result of the attack, Plaintiff was issued a CDC-115 Rules Violation Report ("RVR"), charged with attempted battery on a peace officer, and placed into administrative segregation ("Ad-Seg") to await adjudication of the RVR.

Plaintiff filed a Citizen's Complaint under California Penal Code § 832(f) and notified his family about the incident.   One of Plaintiff's family members faxed the Warden of NKSP a copy of Plaintiff's Citizen's Complaint.   The first Citizen's Complaint was ignored, and the second one (copy) was denied as untimely, even though under the regulations (CCR § 3391), a Citizen's Complaint may be filed within twelve months of the alleged misconduct.

On September 7, 2006, while still confined in Ad-Seg, Plaintiff was subjected to a disciplinary hearing presided over by Lt. Gonzalez who acted as the Senior Hearing Officer. Plaintiff sought to call witnesses and introduce documentary evidence and a video recording at the hearing.   However, Lt. Gonzalez refused to allow Plaintiff to call any witnesses, present evidence, or speak on his own behalf.   Lt. Gonzalez arbitrarily pronounced Plaintiff guilty and assessed penalties upon Plaintiff, causing a major disruption in Plaintiff's environment.

///

Plaintiff was assessed forfeiture of one hundred fifty days of good time credits, and fourteen unfavorable behavior points were added to Plaintiff's classification score, causing him to be ineligible for Level III facility housing where Plaintiff received daily access to yard and/or dayroom activities, showers, phones, library, chapel services, special purchase items, and regular Friday-through-Sunday visiting.   Plaintiff was also assessed a six-month Security Housing Unit ("SHU") term in the Ad-Seg unit, where he was deprived of even the minimum amount of personal property allowed by inmates in the regular SHU.   Plaintiff was also assigned to a lower work privilege group category, and his access to work, school, and vocational activities was completely taken away.

On November 20, 2006, Plaintiff was adversely transferred from NKSP to High Desert State Prison ("HDSP"), a Level IV facility located over 350 miles from his family.   At HDSP, all of Plaintiff's personal property was withheld from him until January 12, 2007, and even then a substantial amount was confiscated by HDSP officials, including a radio, headphone accessories, clock, clothing, books, magazines, photos, food items, and cosmetics – all items which were authorized on a Level III facility but not on a Level IV facility.   Plaintiff remained housed on a Level IV facility from November 20, 2006 until January 3, 2008.   During this period, Plaintiff was only permitted sixteen two-hour out-of-cell exercise periods, due to race-based lockdowns.   Plaintiff spent virtually twenty four hours a day confined to a cell, except for the exercise periods and approximately eight one-hour dayroom periods.   Plaintiff's visiting privileges were also limited.

The hardships described above were imposed upon Plaintiff in spite of the fact that on November 17, 2006, officials were ordered to "reissue/rehear" the RVR, based on the due process violations that occurred at the September 7, 2006 disciplinary hearing presided over by defendant Lt. Gonzalez.   Plaintiff did not receive a rehearing until July 31, 2007,[2] and only then because Plaintiff filed two habeas corpus petitions in state courts.   Prison officials have

---

[2] Plaintiff states in the First Amended Complaint that he received a rehearing on "June 13, 2007." Amd Cmp at 6:19.  However, Plaintiff makes a correction in his opposition to Defendant's first motion for summary judgment, stating that "[i]n the Complaint I mistakenly dated the rehearing as 'June 13, 2007.'  The actual date of the rehearing was July 31, 2007." Opp'n, Doc. 27 at 11 fn.4.

admitted that the findings of the RVR were not appropriate or in accordance with the rules, regulations and policies of NKSP.

### *Retaliation Claim*

Plaintiff brings a retaliation claim against Defendant.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

## III.    MOTION TO COMPEL

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 21, Discovery and Scheduling Order, ¶5.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the

4

Court to balance interests in determining whether disclosure should occur. <u>See</u> Fed. R. Civ. P. 26(c); <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); <u>Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Montana</u>, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); <u>see</u> <u>also</u> <u>Garcia v. Clark</u>, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); <u>Robinson v. Adams</u>, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); <u>Orr v. Hernandez</u>, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. <u>Id.</u> (quotation marks omitted). Relevant information need not be admissible at the trial if the

///

discovery appears reasonably calculated to lead to the discovery of admissible evidence. <u>Id.</u> (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir.1992) (citing <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir.1981)).   The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. <u>E.g.</u>, <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell v. Felker</u>, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell</u>, 2010 WL 3835765, at *2; <u>Ellis</u>, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002).

///

**B.**     **Plaintiff's Motion**

Plaintiff requests an order compelling Defendant to produce documents in response to Plaintiff's Request for Production of Documents ("POD"), Set Two, and to make further responses to Plaintiff's Interrogatories ("ROGS"), Set Two, and Request for Admissions ("RFA"), Set One.[3]   Plaintiff served the discovery requests upon Defendant on October 10, 2012.   Motion, Doc. 44 at 1.   Defendant served the responses at issue on or about December 4, 2012.   Id., Exhs. 1-3.

**1.**     **Request for Production of Documents (POD)**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, a party may serve on any other party a request within the scope of Rule 26(b), to produce and permit the requesting party or its representative to inspect, copy, test, or sample any designated documents, electronically stored information, or tangible things in the responding party's possession, custody or control."   Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).   Property is deemed within a party's "possession, custody, or control" if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.   "A party need not have actual possession of documents to be deemed in control of them."   Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998); Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.   Fed. R. Civ. P. 34(b)(2).   A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the

---

[3] The court acknowledges the "(*sic*)" notations used by Defendant, apparently indicating that Plaintiff erroneously designated his Requests for Production and Interrogatories as "Set One" instead of "Set Two."  (Doc. 44 at 11, 19.)

responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, <u>Uribe v. McKesson</u>, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  <u>Ochotorena v. Adams</u>, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); <u>Burlington N. & Santa Fe Ry. Co.</u>, 408 F.3d at 1149.

Rule 37(a)(3)(B) empowers a propounding party to bring a motion to compel discovery responses: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).  The failure to respond to document requests "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Plaintiff requests an order compelling Defendant to produce documents in response to Plaintiff's Request for Production of Documents, Set Two, Nos. 1 through 13.

**<u>REQUEST FOR POD, SET TWO, NOS. 1, 2, & 3</u>**

**<u>Request for POD No. 1</u>**
Produce the Post Orders, duties or responsibilities pertaining to post assignment #211187, Yard Officer #1 (see Crime/Incident Report Part E2-staff page 6 of 8, CDCR Form 837-B2).

**<u>Defendant's Response to Request for POD No. 1</u>**
Objection as said request calls for privileged information, and is not relevant nor likely to lead to admissible or discoverable evidence.  No documents will be produced.

**<u>Request for POD No. 2</u>**
Produce the Post Orders, duties or responsibilities pertaining to post assignment #211193, Facility A Recreation Officer #1 (see Crime/Incident Report Part B2 - Staff page 6 of 8, CDCR Form 837-B2).

**Defendant's Response to Request for POD No. 2**
> Objection as said request calls for privileged information, and is not relevant nor likely to lead to admissible or discoverable evidence.  No documents will be produced.

**Request for POD No. 3**
Produce the Post Orders, duties or responsibilities pertaining to post assignment #211189, Facility A Yard Officer #2 (see Crime/Incident Report Part B-2 - Staff page 7 of 8, CDCR Form 837-B2).

**Defendant's Response to Request for POD No. 3**
> Objection as said request calls for privileged information, and is not relevant nor likely to lead to admissible or discoverable evidence.  No documents will be produced.

**Parties' Arguments**

Plaintiff argues that the documents requested in Requests Nos. 1, 2, and 3 are relevant because they pertain to correctional officers who attacked Plaintiff in retaliation, and defendant Gonzalez, in adjudicating the Rules Violation Report, relied on these officers' statements about their post-positions, duties, or responsibilities at the time of the incident.

Defendant argues that Plaintiff's Requests Nos. 1, 2, and 3 have nothing to do with the claim for retaliation against Lt. V.J. Gonzalez, the Senior Hearing Officer who presided over Plaintiff's RVR hearing on September 7, 2006.

**Ruling**:        Plaintiff's motion to compel is granted.

Plaintiff seeks copies of documents showing the official work assignments for three officers on the date they allegedly assaulted Plaintiff.  Plaintiff argues that this information is relevant because Defendant Gonzalez relied on these officers' statements about their work assignments when he presided over Plaintiff's RVR hearing on September 7, 2006.

As discussed above, this case now proceeds only on Plaintiff's claim that Defendant Gonzalez retaliated against him at the RVR hearing.  To prove this claim, Plaintiff must show that (1) Defendant acted against him at the RVR hearing, (2) because Plaintiff filed inmate grievances, (3) Defendant's action chilled Plaintiff's exercise of his First Amendment Rights, and (4) the adverse action did not reasonably advance a legitimate correctional goal.  The relevance of the officers' work assignments to Plaintiff's claim appears remote but may relate to whether Defendant acted against him.

Defendant argues that the post orders are privileged information, but he has not invoked a particular privilege, set forth more than a boilerplate objection, or indicated whether such documents even exist.  First, Defendant is required to make a reasonable inquiry, and if no responsive documents exist, Fed. R. Civ. P. 26(g)(1), Defendant should so state with sufficient specificity to allow the Court to determine whether he made a reasonable inquiry and exercised due diligence, Uribe, 2010 WL 892093, at *2-3.  Defendant does not acknowledge that a protective order exists to protect documents produced in this case, and he fails to identify any specific governmental or privacy interests that would be harmed if the requested information is disclosed. To the extent that Defendant seeks to invoke the official information privilege, Defendant bears the burden of the initial showing, which requires a privilege log and an affidavit from an agency official in control of the documents.  Oyarzo, 2013 WL 1758798, at *9-10 (citing Soto, 162 F.R.D. at 613 and Kelly v. City of San Jose, 114 F.R.D. 653, 660-61 (N.D. Ca. 1987)); see also Randle v. Franklin, No. CV 1-08-00845-JAT, 2010 WL 3069205, at *3 (E.D. Cal. Aug. 3, 2010) ("[T]he Defendant has the burden of showing that confidentiality and safety concerns override the liberal discovery procedures outlined in Fed. R. Civ. P. 26."). If any documents or portions of documents are withheld based on a privilege other than the official information privilege, Defendant must produce to Plaintiff a comprehensive privilege log containing at a minimum a description of each document sufficient to justify the asserted privilege, the date of the creation or modification of the document, the name and position of the document's author and recipient(s), and the specific privilege asserted.

Defendant shall be compelled to serve amended responses to Plaintiff's Requests Nos. 1, 2, and 3, pursuant to this order.  No objections are permitted.

### **REQUEST FOR POD, SET TWO, NO. 4**

### **Request for POD No. 4**

Produce the "handwritten" Crime/Incident Report Part C – Staff Report, CDCR form 837-C authorized by Correctional Officer J. Cornett, related to Rule Violation Report Log #A-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.

///

///

**Defendant's Response to Request for POD No. 4**
Objection as said request [] is not relevant nor likely to lead to admissible or discoverable evidence.  Without waiving said objections, responding defendant is not aware of a handwritten report by Officer Cornett.

Plaintiff argues that the document requested in Request No. 4 is relevant, and Defendant's response is evasive and incomplete.  Plaintiff argues that the document should be available because officers are required to document their observations of use of force on form 837-C, and Defendant's response that he is "not aware" of the report is insufficient.

Defendant asserts that Plaintiff received a copy of the Crime/Incident Report arising from the incident that led to Rules Violation Report #A-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.  Defendant also asserts that he conducted a thorough search of the records and was unable to locate a "handwritten" version of a report authored by Officer J. Cornett, and if such a report exists, Defendant is unaware of it.  Defendant argues that any such report by Officer Cornett is irrelevant to the sole remaining claim for retaliation against Defendant, and Plaintiff's motion is groundless.

Plaintiff claims that he did not receive the 837-C form report purportedly written by Officer J. Cornett on July 20, 2006, which led to the RVR form 115 dated July 20, 2006.  Plaintiff asserts that Defendant provided him with the 837-C form authored by Lt. Steadman on August 23, 2006, but not a copy of the report by Officer J. Cornett.

**Ruling**:         Plaintiff's motion to compel is denied.

Defendant has asserted that he conducted a thorough search of the records and was unable to locate a "handwritten" version of an 837-C form report authored by Officer J. Cornett.  Defendant cannot be expected to produce a document that cannot be found.  Therefore, Defendant shall not be required to provide any further response to Plaintiff's Request No. 4.

**REQUEST FOR POD, SET TWO, NOS. 5, 6, 7, 10, & 11**

**Request for POD No. 5**
Produce the video interview of inmate Noble that was conducted by Lieutenant Steadman (see RVR Part C page 3 of 5).

**Defendant's Response to Request for POD No. 5**
Objection.  Asked and answered (see Request for Documents, Set One, No. 2).

**Request for POD No. 6**
Produce the video, or written interview of inmate Prewett (V-96363) that was conducted by Lieutenant Steadman on 7-20-06.

> ### Defendant's Response to Request for POD No. 6
> Objection as said request is privileged and not relevant nor likely to lead to admissible or discoverable evidence.   Without waiving said objections, responding defendants provided all non-privileged information in RVR-06-07-0016 to Plaintiff in response to Plaintiff's first request for documents, and additional documents were provided to the Court for *in camera* review on July 1, 2011.

**Request for POD No. 7**
Produce the video interview of inmate conducted by Lieutenant Steadman in relation to Rule Violation Report Log #A-06-07-0016; or in the alternative a transcript of the video interviews of the inmates conducted by Lieutenant Steadman with the names and identification numbers of the interviewee redacted.

> ### Defendant's Response to Request for POD No. 7
> Objection as said request is privileged and not relevant nor likely to lead to admissible or discoverable evidence.   Without waiving said objections, responding defendants provided all non-privileged information in RVR-06-07-0016 to Plaintiff in response to Plaintiff's first request for documents and additional documents were provided to the Court for *in camera* review on July 1, 2011.

**Request for POD No. 10**
Produce a copy of the "investigation done by Lieutenant Steadman relating to the incident", that you located and presented to the court, as represented in your "Supplemental Response to Request for Production of Documents No. 12", dated June 24, 2011.

> ### Defendant's Response to Request for POD No. 10
> Objection.  Said request calls for privileged information, and is not relevant nor likely to lead to admissible or discoverable evidence; vague as to specific document referenced.  Without waiving said objections, as indicated in our previously served Supplemental Response to Request for Production of Documents, Set One, No. 12, the investigation done by Lt. Steadman relating to the incident and was provided to the Court for an *in camera* review.  Due to the safety and security issues related to this investigation, these items will not be produced to Plaintiff.

**Request for POD No. 11**
Produce the following documents in relation to the "incident":
A.) CDCR Form 3010;         B.) CDCR Form 3011;         C.) CDCR Form 3012;
D.) CDCR Form 3013;         E.) CDCR Form 3014;         F.) CDCR Form 3034;
G.) CDCR Form 3035;         H.) CDCR Form 3036 (See Cal.Code of Regs §§ 3268.1).

> ### Defendant's Response to Request for POD No. 11
> Objection.  Said request calls for documents not relevant or likely to lead to admissible or discoverable evidence; may call for information which is protected by the Official Information Privilege and Self-Critical Analysis Privilege, and jeopardizes safety and security of the institution.   Without waiving said objections, as indicated in our previously served Supplemental Response to Request for Production of Documents, Set One, No. 12, the investigation done

by Lt. Steadman relating to the incident was located and was provided to the Court for an *in camera* review.

Plaintiff argues that Defendant's responses to Requests Nos. 5, 6, 7, 10, and 11 are evasive because they refer back to documents that were allegedly provided to the Court for *in camera* review on July 1, 2011. Plaintiff asserts that the Court returned all of the documents to Defendant when it dismissed Plaintiff's due process claim, before Plaintiff viewed the documents or redacted transcripts. Plaintiff argues that the documents requested are relevant to the subject matter of this action.

With respect to Requests Nos. 5, 6, and 7, Defendant argues that the video interviews conducted by Lt. Steadman as part of Plaintiff's CDC 602 Citizen's Complaint against the staff involved in the 7/20/06 incident are irrelevant to this action, which consists of a claim against defendant Gonzalez whose only action was presiding as the Senior Hearing Officer over Plaintiff's RVR hearing in September 2006. Defendant also notes that Plaintiff is not allowed to possess or have any video/DVD/CD as they are contraband and may be used as weapons.

With respect to Request No. 10, Defendant argues that the written reports previously provided to the Court for *in camera* review are not relevant to this action against defendant Gonzalez, and contain privileged information which should not be provided to the inmate due to serious security and safety issues regarding the interviewees.

With respect to Request No. 11, Defendant notes that several of the forms requested by Plaintiff did not exist in 2006. Defendant argues that these documents are irrelevant to Plaintiff's claims against defendant Gonzalez which relate only to Defendant's conducting of the September 7, 2006 disciplinary hearing. Defendant asserts that Plaintiff is requesting documents that consist of review of the actions of those officers involved in the 7/20/06 incident and have *nothing* to do with the 9/7/06 RVR hearing which defendant Gonzalez conducted. Defendant also argues that the documents contain highly sensitive information protected by the Official Information and Self-Critical Analysis privileges.

Plaintiff replies that the documents requested in Requests Nos. 5, 6, 7, 10, and 11 are directly related to the RVR and the retaliatory disciplinary hearing presided over by Defendant.

**<u>Ruling</u>**:        Plaintiff's motion to compel is denied.

Plaintiff has not demonstrated how discovery of the interviews and written reports relating to the investigation of the prison staff involved in the 7/20/06 incident are relevant to prove or disprove that Hearing Officer Gonzalez retaliated against Plaintiff while officiating at Plaintiff's RVR hearing on 9/07/06.  Therefore, Defendant's objections are sustained.

**REQUEST FOR POD, SET TWO, NOS. 8, 9, & 12**

**Request for POD No. 8**
Produce a copy of the written interview conducted by Lieutenant Steadman of inmates interviewed, with the name and identification numbers of the interviewees redacted if necessary.

   **Defendant's Response to Request for POD No. 8**
   Objection as said request calls for privileged information, and is not relevant nor likely to lead to admissible or discoverable evidence.  Without waiving said objection, responding party does not have possession, custody or control of any such documents.

**Request for POD No. 9**
Produce the last known or current address and telephone number of inmate Prewitt (V-396363).

   **Defendant's Response to Request for POD No. 9**
   Objection as said request [] is not relevant nor likely to lead to admissible or discoverable evidence; vague as to specific document referenced.  Without waiving said objections, responding party does not have possession, custody or control of any such document, but had provided known information regarding Prewitt (responses to Interrogatories served concurrently herewith).

**Request for POD No. 12**
Produce the document that was used to generate the "circumstances" contained on the CDC Form 15 page 1 and CDC Form 115-c page 2 of 2, dated 8-3-06.

   **Defendant's Response to Request for POD No. 12**
   Objection as said is not relevant or likely to lead to admissible or discoverable evidence.  Without waiving said objections, responding party does not have possession, custody or control of any such documents.

Plaintiff argues that the documents requested are relevant to the subject matter involved in this action, and Defendant has the legal right to obtain inmate Prewitt's current address and telephone number, and the requested documents.  Plaintiff asserts that Defendant has not provided him with any of the information or documents requested in Requests Nos. 8, 9, or 12.

With respect to Request No. 8, Defendant responds that the report of Findings-Inmate Interview by Lt. Steadman is not relevant to what happened at the September 7, 2006 RVR hearing which is at issue in this case.  Defendant also asserts that these documents contain

highly sensitive information protected by the Official Information privilege and should not be provided to Plaintiff due to serious security and safety issues involved for the interviewees.

With respect to Request No. 9, in which Plaintiff requests documents regarding the last known or current address and telephone number of inmate Prewitt (V-396363), Defendant responds that this issue has already been addressed in the previous round of discovery that resulted in Plaintiff's first motion to compel. Defendant asserts that he has no documents that contain this information; however, he did access the CDCR locator system and provided the information available to him. Defendant asserts there is no address or telephone number provided for Inmate Prewitt, but the last known parole agent for Mr. Prewitt was Parole Agent Derrick Scott (323) 238-1754. Thus, Defendant responds that he has accessed the information available to him and has provided it to Plaintiff.

With respect to Request No. 12, Defendant responds that a thorough search of records was conducted and no document used to generate the "circumstances" contained on the CDC Form 15 page 1 and CDC Form 115-c page 2 of 2, dated 8/3/06" could be located. Defendant also argues that these documents have no bearing on the retaliation claim against Lt. Gonzalez.

Plaintiff replies that each of the items sought is relevant to his claims that Defendant abused the disciplinary hearing process as a cover or ruse to silence and punish Plaintiff in retaliation for previous successful litigation and to stifle an investigation into the excessive use of force and assault on Plaintiff by staff. With respect to Request No. 12, Plaintiff asserts that Officer Cornett is the purported writer of the forms; however, Cornett allegedly sustained injuries so severe that he was only able to provide a verbal report to Lt. Steadman on 8-23-06. Plaintiff argues that the reports are relevant to show that Defendant relied on a RVR form not authored by the officer it was purported to be, supporting Plaintiff's claim that Defendant took actions during the proceedings that were arbitrary, capricious, and did not serve a correctional goal.

**Ruling:**        Plaintiff's motion to compel is denied.

With respect to Request No. 8, Plaintiff has not demonstrated how discovery of Lt. Steadman's written interview of the prison staff involved in the 7/20/06 incident is relevant to

prove or disprove that Hearing Officer Gonzalez retaliated against Plaintiff while officiating at Plaintiff's RVR hearing on 9/07/06.  Therefore, Defendant's objections are sustained.

With respect to Request No. 9, the court finds that Defendant has made a reasonable search of the information in his possession, custody, and control to find the current address and telephone number for Inmate Prewitt, and has provided the information found to Plaintiff. Therefore, Defendant shall not be required to make a further response to Request No. 9.

With respect Plaintiff's Request No. 12, Plaintiff has not sufficiently explained how copies of the document used to generate the "circumstances" contained on the CDC Form 15 page 1 and CDC Form 115-c page 2 of 2, dated 8-3-06, are relevant to his retaliation claim against defendant Gonzalez.    Nonetheless, Defendant has responded sufficiently to this Request, informing Plaintiff that a thorough search of records was conducted and no document matching Plaintiff's description was found.    Defendant cannot be required to produce a document that does not exist or cannot be found.

### REQUEST FOR POD, SET TWO, NO. 13

**Request for POD No. 13**
Produce the Report of Registered Nurse (RN) Cecil reflecting the injuries Officer J. Cornett sustained during the incident.

**Defendant's Response to Request for POD No. 13**
Objection as said request is not relevant nor likely to lead to admissible or discoverable evidence:  the only remaining issue in this case is a claim for retaliation against Defendant Lt. Gonzalez related to the rules violation hearing, not the underlying incident involving Officer Cornett.

Plaintiff argues that the document requested is relevant because during the RVR hearing, defendant Gonzalez relied on a Report written by Lt. Steadman, containing circumstances Lt. Steadman did not personally witness.  Lt. Steadman wrote the report for Officer Cornett, because Officer Cornett suffered severe injuries on the date of the incident and could not write his own reports.  Lt. Steadman wrote the report on July 20, 2006, yet he did not get a verbal report from Officer Cornett until August 23, 2006.

Defendant responds that their response to this request is self-explanatory: any report of injury reflecting injuries sustained by Officer Cornett during the altercation, of which Defendant

///

Gonzalez was not a witness or participant, is irrelevant to this case and therefore should not be produced.

Plaintiff replies that the discovery sought here is relevant to his claim that Defendant abused the process as a cover or ruse to silence and punish Plaintiff in retaliation for previous successful litigation and to stifle an investigation into the use of excessive force by staff and assault of Plaintiff by staff.

**Ruling**:   Plaintiff's motion to compel is denied.

Plaintiff has not demonstrated how the report by a nurse of Officer Cornett's injuries during the July 20, 2006 incident is relevant to Plaintiff's claim that Defendant Gonzalez retaliated against Plaintiff at the September 6, 2006 RVR hearing.  Therefore, Defendant is not required to provide any further response to Request No. 13.

### 2.   **Interrogatories (ROGS)**

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 924935, *8 (D. Kan. Apr. 30, 2008).  A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, __ F.R.D. __, __, 2013 WL 1402363, at *1 (E. D. Cal. Apr. 5, 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal.

Sep. 21, 2007). If a party cannot furnish details, he should say so under oath, and say why and set forth the efforts used to obtain the information, and cannot plead ignorance to information that is from sources within his control. Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa.1977). "However, where the answer states that no record exists, the court cannot compel the impossible." Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D. Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)). A sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable. Milner 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust Co., 19 F.R.Serv.2d 721, 722-23 (N.D.N.Y.1974)). The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff requests an order compelling Defendant to provide further responses to Plaintiff's Interrogatories, Set Two, Nos. 1 through 12, and 15.

### INTERROGATORIES (ROGS), SET TWO, NOS. 1 AND 2

**ROG No. 1**
Identify any and all complaints or grievances filed by any inmate against Defendant V. J. Gonzalez.

> **Defendant's Response to ROG No. 1**
> Objection. Said request is not relevant or likely to lead to admissible or discoverable evidence; request is vague and overbroad; unduly burdensome; disclosure of complaints and/or grievances and related documents would violate Title 15, Section 3370 of the California Code of Regulations. Therefore, no documents can be provided. Without waiving said objections, as a correctional employee for over 25 years, I have no staff complaints that I am aware of. Further, I do not recall specific CDC 602 appeals or the inmate(s) who filed them.

**ROG No. 2**
Identify any and all complaints or grievances filed by any inmate against Defendant V. J. Gonzalez pertaining to Gonzalez's adjudication of any inmate's disciplinary hearing.

> **Defendant's Response to ROG No. 2**
> Objection. Said request is not relevant or likely to lead to admissible or discoverable evidence; request is vague and overbroad; unduly burdensome; disclosure of complaints and/or grievances and related documents would violate Title 15, Section 3370 of the California Code of Regulations. Therefore, no documents can be provided. Without waiving said objections, as a correctional employee for over 25 years, I have no staff complaints that I am aware of. Further, I do not recall specific CDC 602 appeals or the inmate(s) who filed them.

/// 

Plaintiff argues that the information requested is relevant to the subject matter of this action and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff seeks the "identity" of documents containing information that may be relevant to the Defendant's credibility, and documents pertaining to particular kinds of complaints and allegations about Defendant.

Defendant responds that the grievances/complaints requested by Plaintiff would be irrelevant to this action, and the request for "any and all" complaints or grievances filed by "any" inmate is clearly overbroad. Defendant responded that he has no staff complaints that he is aware of, and does not recall any specific CDC 602 appeals or inmate(s) who filed them that could have involved Defendant. Defendant claims this response is not evasive as he is not aware of any grievances/complaints against him, besides the one at issue in this case.

Plaintiff replies that Defendant's responses are evasive and disingenuous.

**Ruling**: Plaintiff's motion to compel is granted in part and denied in part.

To the extent that Plaintiff seeks information relevant to Defendant's credibility, Interrogatory No. 1 is overbroad as to time frame and type of conduct, but notwithstanding those deficiencies, the relevance of Defendant's general conduct is unclear given the nature of Plaintiff's legal claim. The only complaints against Defendant with any discernible relevance would be those relating to Defendant's retaliatory conduct or conduct at RVR hearings, which Plaintiff addresses in Interrogatory No. 2. Therefore, Defendant shall not be compelled to provide a further response to Interrogatory No. 1.

With respect to Interrogatory No. 2, Defendant raises only boilerplate objections, which do not suffice to shield against the disclosure of discoverable information. Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149; Rogers v. Giurbino, 288 F.R.D. 469, 487 (S.D. Cal. 2012). Defendant's vague assertion that disclosure of complaints and/or grievances and related documents would violate Title 15, Section 3370 of the California Code of Regulations is also insufficient. Defendant's response that he has no staff complaints that he is "aware of," and "does not recall" any specific CDC 602 appeals or inmate(s) who filed them is also insufficient.

Discovery is not limited to that information which one easily recalls from memory.  The burden

in responding to discovery is greater than that and Defendant is required to make a *reasonable*

effort to respond.  Defendant shall be required to serve an amended response to Interrogatory

No. 2 after making a reasonable search of records to determine if information exists responsive

to the interrogatory.  No objections are permitted.

### ROGS, SET TWO, NOS. 3 AND 4

**ROG No. 3**
In relation to the year 2012 state the last known or current address and telephone
number of inmate Prewitt (V-96363).

> **Defendant's Response to ROG No. 3**
> Objection.  Disclosure of requested information would violate Title 15 of the
> California Code of Regulations.  Without waiving said objections, I do not know
> the current location of former inmate Prewitt as it appears he was discharged
> from parole.  As provided in our supplemental interrogatory responses dated
> June 27, 2011, the last known parole agent for Mr. Prewitt was Parole Agent
> Derrick Scott (323) 238-1754.

**ROG No. 4**
Identify the names, titles and address of the custodian of the information requested in
Interrogatory number three above.

> **Defendant's Response to ROG No. 4**
> The CDCR Indicator discharge.

Plaintiff argues that Defendant has not made a reasonable inquiry to discover readily

obtainable information, and Defendant has not made a full investigation.

Defendant responds that he has provided the information from the CDCR system within

his custody, possession or control, and cannot be compelled to do further.  Defendant informs

Plaintiff that Mr. Prewitt has been discharged from parole and is no longer under the

supervision of the CDCR or any parole agencies according to the records.

Plaintiff claims that Defendant has been withholding Inmate Prewitt's location and

statements since the inception of the incident underlying this action.

**Ruling**:  Plaintiff's motion to compel is denied.

Defendant has made a reasonable search of the records available to him and is unable to

provide the last known or current address and telephone number of inmate Prewitt requested by

Plaintiff.   Defendant is not required to conduct extensive research in order to answer an

interrogatory.  <u>Gorrell v. Sneath</u>, ___F.R.D. ___, ___, 2013 WL 1402363, at *1 (E.D. Cal. Apr. 5, 2013); <u>L.H. v. Schwarzenegger</u>, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### ROGS, SET TWO, NOS. 5 AND 6

**ROG No. 5**
State the name of the person who authored the "circumstances" portion of Rules Violation Report Log #A-06-07-0016.

> **Defendant's Response to ROG No. 5**
> Objection.  Said request is not relevant or likely to lead to admissible or discoverable evidence for the sole remaining claim against Defendant, and calls for speculation.  Without waiving said objections, I cannot be sure who authored it because I was not there when it was written.

**ROG No. 6**
State the <u>date</u> that the information contained in the "circumstances" portion of Rules Violation Report Log #A-06-07-0016 was provided to the person named in Interrogatory number Five above.

> **Defendant's Response to ROG No. 6**
> Objection.  Said request is not relevant or likely to lead to admissible or discoverable evidence, calls for speculation.  Without waiving said objections, I do not know.

Plaintiff argues that the discovery sought here is relevant to whether Defendant's retaliatory action advanced a legitimate goal or was a reasonable exercise of prison authority. Plaintiff argues that Defendant's responses are evasive, and Defendant has not made a reasonable inquiry into readily obtainable information or made a full investigation.

Defendant responds that Plaintiff has been provided with the RVR report that contains the "circumstances" section, and the identity of the person who drafted this section is wholly irrelevant to the retaliation claims against Defendant.  Defendant Gonzalez asserts that he did not author the report, and it is not clear on the face of the report who wrote it.  Defendant argues that he cannot be compelled to speculate who wrote this section of the RVR and the date the information was provided, and in any event the report is irrelevant to the claim at issue in this case.

Plaintiff replies that the discovery sought is relevant because in adjudication of the RVR, Defendant relied upon statements contained in the "circumstances" portion of the RVR. Plaintiff argues that the name of the actual author is relevant to his claim that the RVR hearing was retaliatory in nature and Defendant took actions during the proceedings that were not appropriate. Plaintiff also claims that the information sought is readily available to Defendant.

**Ruling**: Plaintiff's motion to compel is granted.

Under liberal discovery rules, Plaintiff makes enough connection between the information requested and the claim at issue in this action for the court to find good cause to grant the motion to compel. Defendant's response is insufficient. Defendant is not required to guess when responding to an interrogatory, but he is required to make a reasonable effort to respond. <u>Gorrell</u>, ___F.R.D. ___, ___, 2013 WL 1402363, at *1; <u>L.H.</u>, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2. Defendant shall be required to serve an amended response to Interrogatories Nos. 5 and 6 after making a reasonable inquiry of persons who are most likely to know the information requested by Plaintiff. If Defendant is unable to find the information, he must include in his response an explanation of his reasonable efforts to find it. No objections are permitted.

### ROGS, SET TWO, NOS. 7 AND 8

### ROG No. 7
Were <u>any</u> staff members subjected to a video taped interview conducted by Lieutenant T. W. Steadman in relation to Rules Violation Report Log #A-06-07-0016?

> **Defendant's Response to ROG No. 7**
> Objection. Said request is not relevant or likely to lead to admissible or discoverable evidence, calls for speculation. Without waiving said objections, I am not aware that any exist.

### ROG No. 8
If the answer to Interrogatory Number Seven above is Yes, provide the [names] of all staff members who were subjected to a video taped interview conducted by Lieutenant Steadman in relation to Rules Violation Report Log #A-06-07-0016.

> **Defendant's Response to ROG No. 8**
> Objection. Said request is not relevant or likely to lead to admissible or discoverable evidence, calls for speculation. Without waiving said objections, not applicable.

Plaintiff argues that Defendant's response is evasive and incomplete, and Defendant has failed to make a reasonable inquiry into readily obtainable information.

///

Defendant responds that he is not aware that any staff members were subjected to video-taped interviews after a review of the documents regarding RVR #A-06-07-0016. Defendant asserts that the only videotaped interviews that appear to exist are those of Plaintiff and other inmate interviewees as part of Plaintiff's CDCR Appeal/Citizen's Complaint (Appeal no. NKP-A-06-07-0227) that have already been provided to the court for *in camera* review.

Plaintiff replies that Defendant's response that "I am not aware" of staff members subjected to video taped interviews is evasive or incomplete.

**Ruling**: Plaintiff's motion to compel is granted.

Plaintiff is entitled to discover the identity of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1). Defendant's response to Interrogatory No. 7 that he "is not aware" that any of the video taped interviews exist is not responsive to the interrogatory which asks if any staff members were subjected to interviews. Moreover, discovery is not limited to information of which one is "aware." The burden in responding to discovery is greater than that, and Defendant is required to make a *reasonable* effort to respond. The fact that documents were provided to the court for *in camera* review concerning Plaintiff's due process claim which has been dismissed is of no consequence in responding to these interrogatories. Said documents were all returned to Defendant on March 13, 2012. (Doc. 34.) Defendant shall be required to serve an amended response to Interrogatories Nos. 7 and 8 after making a reasonable inquiry to determine if information exists responsive to the interrogatories.

**ROGS, SET TWO, NOS. 9, 10, 11, 12 AND 15**

**ROG No. 9**
State the duration of time Officer J. Cornett was off duty due to an injury he received while effecting custody of inmate Noble.

**Defendant's Response to ROG No. 9**
Objection. Said request is not relevant or likely to lead to admissible or discoverable evidence, calls for speculation. Without waiving said objections, I do not know.

**ROG No. 10**
On what date, if ever, did Officer J. Cornett sign the following documents to authenticate them:  (1) the CDC Form 115, page 1; and (2) the CDC Form 115-c, page 2 of 2.

///

       **Defendant's Response to ROG No. 10**
       Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence, calls for speculation.  Without waiving said objections, I do not know.

**ROG No. 11**
State the number of inmates that were interviewed by Lieutenant Steadman in relation to Rules Violation Report Log #A-06-07-0016.

       **Defendant's Response to ROG No. 11**
       Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence, calls for speculation.  Without waiving said objections, according to the IE Report, it appears he interviewed two inmates identified by Noble, but beyond what it states in the report, I do not know.

**ROG No. 12**
State the date or dates, on which Lieutenant Steadman began and complete (*sic*) his interviews of inmates, relating to the "incident".

       **Defendant's Response to ROG No. 12**
       Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence, calls for speculation.  Without waiving said objections, I do not know.

**ROG No. 15**
Identify the document that was used to generate the "circumstances" contained on the CDC Form 115, page 1, and CDC Form 115-c, page 2 of 2, dated 8-3-06.

       **Defendant's Response to ROG No. 15**
       Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence; calls for speculation; vague and ambiguous as to "generate."  Without waiving said objections, I do not know.

Plaintiff argues that the discovery sought here is relevant to the subject matter of this action, reasonably calculated to lead to the discovery of admissible evidence, and may be used to support his claims.   Plaintiff acknowledges that he bears the burden of showing the retaliatory acts were not a reasonable exercise of prison authority or did not serve a legitimate correctional goal.   Plaintiff argues that Defendant's responses are evasive, and Defendant has not made a reasonable inquiry into readily obtainable information or made a full investigation.

As to Interrogatories Nos. 9 and 10, Defendant responds that he would be required to speculate regarding the actions of Officer J. Cornett, which is wholly improper and totally irrelevant to the claim at issue in this action.

As to Interrogatory No. 11, Defendant asserts that he responded based on his review of documents and information within his possession, custody and/or control, but also objects to this request as irrelevant and calling for speculation regarding the actions of non-party Lt. Steadman.  Defendant states that the records reflect that Lt. Steadman interviewed two inmates according to the RVR Report, and Defendant cannot provide any further response to Plaintiff.

As to Interrogatory 12, Defendant responds that it is irrelevant and again requests Defendant to speculate regarding the actions of non-party Lt. Steadman.

As to Interrogatory 15, Defendant responds that this request is both irrelevant to this case and calls for speculation by Defendant.

With respect to Interrogatories Nos. 9 and 10, Plaintiff replies that he is not requesting Defendant to speculate regarding the actions of Officer J. Cornett.  Plaintiff asserts that he is requesting information readily available to Defendant, which is relevant to the subject matter in this action.  Plaintiff alleges that Officer Cornett did not author any of the reports attributed to him, due to an alleged injury, and Defendant relied on "Cornett's" reports during the disciplinary hearing.

With respect to Interrogatories Nos. 11, 12, and 15, Plaintiff replies that the information sought is directly related to the RVR hearing that Defendant presided over.

**<u>Ruling</u>**:  Plaintiff's motion to compel is granted in part and denied in part.

With respect to Interrogatories Nos. 9 and 10, Plaintiff asserts that the information requested is relevant to prove that Defendant relied on reports during the RVR hearing which were falsely attributed to Officer Cornett.  The court finds this information relevant to the subject matter of the case.  Defendant's responses to these interrogatories, that he "does not know," is insufficient.  Discovery is not limited to information which one knows.  The burden in responding to discovery is greater than that, and Defendant is required to make a *reasonable* effort to respond.  The court finds good cause to compel Defendant to provide amended

responses to Interrogatories Nos. 9 and 10 after making a reasonable inquiry.  No objections are permitted.

With respect to Interrogatory No. 11, Defendant has sufficiently responded after making a reasonable inquiry.  Defendant is not required to speculate when responding to

///

interrogatories.  Therefore, Defendant is not required to provide any further response to Interrogatory No. 11.

Plaintiff's statement that the information sought in Interrogatories Nos. 12 and 15 is "directly related to the RVR hearing that Defendant presided over" is insufficient to demonstrate relevance.  Plaintiff makes no explanation of how it is "directly related."  With respect to Interrogatory No. 15, Defendant responded to Plaintiff's Request for Production of Documents, Set Two, No. 12, as discussed above at ¶III.B.1 that a thorough search of records was conducted and no document used to generate the "circumstances" contained on the CDC Form 15 page 1 and CDC Form 115-c page 2 of 2, dated 8-3-06 was found. This response is sufficient to resolve Interrogatory No. 15, as Defendant cannot be required to identify a document that does not exist or cannot be found.  Therefore, Defendant is not required to further respond to Interrogatories 12 and 15.

### 3. <u>Requests for Admissions (RFA)</u>

Rule 36 provides for requests for admissions as follows:  "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or the opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1)  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"  Fed. R. Civ. P. 36(a)(3).  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  **"**A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny

only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."
Id.  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.  Id.
///

"The Advisory Committee Notes to the 1970 amendment to Rule 36 explain the purposes of the rule: 'Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.' In short, '[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial.'" A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 254 (C.D.Ca. July 5, 2006) (quoting Asea, Inc., 669 F.2d at 1245). "'Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play.'" A. Farber & Partners, Inc., 237 F.R.D. at 254 (quoting Marchand v. Mercy Med. Ctr., 22 F.3d 933, 936-37 (9th Cir.1994)).

"As the Ninth Circuit has further held, [t]he Rule was amended in 1970 to adopt the majority view that a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him.  8 C. Wright & A. Miller, Federal Practice and Procedure § 2261, at 731 (1970).  A. Farber & Partners, Inc., 237 F.R.D. at 254.  "As the Advisory Committee's Note explains, the Rule is 'in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process.'" Id. (quoting Asea, Inc., 669 F.2d at 1245 (citation omitted)).

"Thus, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts.  A. Farber & Partners, Inc., 237 F.R.D. at 254.  "Such reasonable inquiry includes an investigation and inquiry of

employees, agents, and others, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." Id. "The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties.... The operative words then are 'reasonable' and 'due diligence.'" Id. (citing Henry v. Champlain Enter, Inc., 212 F.R.D. 73, 78 (N.D.N.Y.2003) (citations omitted); T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y.1997); Herrera v. Scully, 143 F.R.D. 545, 548 (S.D.N.Y.1992)). "At a minimum, 'a party must make inquiry of a third party when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party.'" A. Farber & Partners, Inc., 237 F.R.D. at 254 (quoting Uniden America Corp. v. Ericsson Inc., 181 F.R.D. 302, 304 (M.D.N.C.1998)).

Finally, the requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served.   Id.  On finding that an answer does not comply with this rule, the court may order either rule that the matter is admitted or that an amended answer be served.  Id. Efforts to obstruct discovery through objections or evasive responses which lack any good faith basis will not be condoned.  Marchand, 22 F.3d at 938; In re TFT-LCD (Flat Panel) Antitrust Litigation, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); Mitchell, 2010 WL 3835765, at *1.

### REQUESTS FOR ADMISSIONS (RFA), SET ONE, NOS. 1, 2, 3, 4, 5, AND 6

**RFA, Set One, No. 1**
Admit or Deny: Officer J. Cornett is not the author of the "circumstances" contained in Rule Violation Report Log # A-06-07-0016 (CDC Form 115 and CDC Form 115-C) pages 1 and 2, dated 7-20-06.

**Defendant's Response to Request for Admissions, Set One, No. 1**
Objection.  Said request is not relevant or likely to lead to admissible or discoverable evidence; calls for speculation.  Without waiving said objections, Insufficient information to admit or deny.

**RFA, Set One, No. 2**

Admit or Deny: Lieutenant Steadman is the author of the "circumstances" contained in Rule Violation Report Log# A-06-07-0016 (CDC Form 115 and CDC Form 115-C) pages 1 and 2, dated 7-20-06.

**Defendant's Response to RFA, Set One, No. 2**
Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence; calls for speculation.  Without waiving said objections, Insufficient information to admit or deny.

///

**RFA, Set One, No. 3**
Admit or Deny: Pursuant to the Rules Violation Report Log #A-06-07-0016, Lieutenant Steadman did not personally witness inmate Noble attempt to back hand Officer Cornett.

**Defendant's Response to RFA, Set One, No. 3**
Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence; calls for speculation.  Without waiving said objections, Insufficient information to admit or deny.

**RFA, Set One, No. 4**
Admit or Deny: The "circumstances" portion of CDC Form 115, Log #A-06-07-0016, were generated from the CDCR 837-C form submitted by Lieutenant Steadman in behalf of Correctional Officer J. Cornett dated 8-23-06.

**Defendant's Response to RFA, Set One, No. 4**
Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence; calls for speculation.  Without waiving said objections, Insufficient information to admit or deny.  From the report it appears that way but I do not have personal knowledge.

**RFA, Set One, No. 5**
Admit or Deny: The "circumstances" portion of CDC Form 115, Log #A-06-07-0016, were generated from the CDCR 837-A1, dated 7-20-06 and authored by Lieutenant Steadman.

**Defendant's Response to RFA, Set One, No. 5**
Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence; calls for speculation.  Without waiving said objections, Insufficient information to admit or deny.

**RFA, Set One, No. 6**
Admit or Deny: Prior to 8-23-06, Officer J. Cornett submitted a written report to Lieutenant Steadman detailing the "circumstances" of the incident.

**Defendant's Response to RFA, Set One, No. 6**
Objection.   Said request is not relevant or likely to lead to admissible or discoverable evidence; calls for speculation.  Without waiving said objections, Insufficient information to admit or deny.

Plaintiff argues that the admissions requested are relevant to the subject matter involved in this action, reasonably calculated to lead to the discovery of admissible evidence, and may

be used to support his claims.  Plaintiff argues that Defendant's responses are evasive and incomplete, and Defendant has not made a reasonable inquiry into readily obtainable information or made a full investigation.  Plaintiff acknowledges that he bears the burden of showing retaliatory acts were not a reasonable exercise of prison authority.

Defendant responds that Plaintiff's requests for Defendant Gonzalez to admit or deny information regarding the actions of non-parties Lt. Steadman and Officer J. Cornett are wholly irrelevant to this case.  Defendant Gonzalez does not have personal knowledge and cannot be compelled to provide responses which could only be based on speculation.

Plaintiff replies that the admissions he seeks relate directly to documents that the Defendant relied upon in his adjudication of the RVR, and relate to his claims that Defendant took actions during the disciplinary proceedings that were arbitrary and capricious, were not a reasonable exercise of prison authority, and did not serve any legitimate correctional goals because they were not appropriate or in accordance with the rules, regulations, and policies of NKSP.

**Ruling**:       Plaintiff's motion to compel is granted.

Under liberal discovery rules, the court finds that Plaintiff has demonstrated that these requests for admissions are be relevant to the subject matter of the case.  Defendant's responses to these requests, that he has "insufficient information to admit or deny" and "does not have personal knowledge" are insufficient.  Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts.  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only* if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  The court finds good cause to compel Defendant to either admit, deny, or state that he has made a reasonable inquiry and is unable to admit or deny.  No objections are permitted.

## IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel, filed on December 26, 2012, is granted in part and denied in part;

2.      Within thirty days of the date of service of this order, Defendant Gonzalez is required to serve further or amended responses to the following requests and interrogatories found in Plaintiff's Request for Production of Documents, Interrogatories, and Request for Admissions, which were served upon Defendant on October 10, 2012, as instructed by this order:

   (1)      Request for Production of Documents, Set Two, Nos. 1, 2, and 3;

   (2)      Interrogatories, Set Two, Nos. 2, 5, 6, 7, 8, 9, and 10; and

   (3)      Request for Admissions, Set One, Nos. 1, 2, 3, 4, 5, and 6;

   No objections are permitted.

3.      Discovery is now closed in this case.


IT IS SO ORDERED.

   Dated:   __August 26, 2013__                     _____/s/ Gary S. Austin__
                                                    UNITED STATES MAGISTRATE JUDGE